DINUBA FARMERS' UNION PACKING COMPANY, Appellant, v. J. M. ANDERSON GROCER COMPANY, Respondent.

**St. Louis Court of Appeals, February 8, 1916.**

1. **CORPORATIONS: Failure to Become Licensed as Foreign Corporation: Interstate Commerce.** A sale of goods by a foreign corporation to a buyer in this State, effected through a broker who merely negotiates the sale, sees to the delivery of the goods, collects the price and remits it to the seller, is an interstate transaction, even though the goods are shipped to the seller's order, "notify the broker," so that the title thereto remains in the seller for the while; and hence the seller may maintain an action for the purchase price in the courts of this State without complying with the law regulating foreign corporations (Secs. 3039, 3040, R. S. 1990).

2. **SALES: Contracts: Explanation of Trade Terms: Parol Evidence.** The terms "f. o. b. coast" and "terms regular," used in a contract of sale, are trade terms, and, as such, it is competent to define them by parol evidence.

3. **————: Principal and Agent: Sale by Agent: Rights of Principal.** The rights of an agent under a contract of sale inure to the benefit of the principal for whom he acted as selling agent.

4. **STATUTE OF FRAUDS: Sales: Authority of Broker to Sign Memorandum.** In the first instance, a broker is regarded as the agent of the party by whom he was originally employed, but when, acting as broker, he strikes a bargain between the parties and a contract of sale is definitely settled, he becomes the agent of both parties for the purpose of executing the memorandum of the transaction, and his execution of the memorandum satisfies the Statute of Frauds (Sec. 2784, R. S. 1909).

5. ———: ———: **Signature of Memoranum by Agent.** The signature to a memorandum of sale, made by an agent in his own name, instead of in that of his principal, is a sufficient compliance with the Statute of Frauds (Sec. 2784, R. S. 1909), and binds his principal, if he intended that the latter should be bound.

6. ———: ———: **Methods of Signing Memorandum.** The signature to a memorandum of sale required by the Statute of Frauds (Sec. 2784, R. S. 1909) is not confined to the actual subscription of his name by the party to be charged, but his name may be either in writing or print or by stamping the same upon the memorandum, and may be in the body of the memorandum or at the beginning or end thereof. .

7. ———: ———: ———: **Facts Stated.** A memorandum of sale of merchandise exceeding $30 in value, prepared by the broker who effected the sale, recited that the broker had sold to the buyer certain described merchandise at a certain price and upon certain terms. In an action for the purchase price of the merchandise, which the buyer refused to receive, *held* that the memorandum was not insufficient, under the Statute of Frauds (Sec. 2784, R. S. 1909), on the ground that it had not been signed by the buyer or his agent, since the broker had authority to execute the memorandum for the buyer and the insertion of the buyer's name in the body of the memorandum prepard by the broker constituted a signature thereto, within the statute.

8. **SALES: Action by Seller: Sufficiency of Tender.** In an action by a seller for the purchase price of goods sold, which the buyer refused to receive, evidence *held* to show that the seller made a sufficient tender of the goods to the buyer. .

Appeal from St. Louis City Circuit Court.—*Hon. Rhodes E. Cave,* Judge.

REVERSED AND REMANDED.

*Henry H. Furth* for appellant.

(1) The petition states a good cause of action and the evidence tends to establish all the allegations of the petition. In passing upon a motion for a nonsuit, the plaintiff's evidence must be taken as true. Not only must the plaintiff's evidence be so taken, but in addition thereto, he is entitled to every reasonable

inference in his favor that can be drawn from the facts proved. The court is not at liberty in such case to raise any countervailing inferences to defeat the action. Holloway v. Kansas City, 184 Mo. 29; Pauk v. St. L. Dressed B. & P. Co., 159 Mo. 467; Natl. Bk. Commerce v. Am. Exch. Bank, 151 Mo. 329; Gratiot v. Railroad Co., 111 Mo. 456; Frick v. Railroad Co., 75 Mo. 601; Buesching v. St. L. Gas Light Co., 73 Mo. 231; Wilson v. Board of Education, 63 Mo. 140. (2) Plaintiff is not precluded from maintaining this action by reason of being a foreign corporation. Its transactions are interstate commerce, protected by the Federal Constitution to which State law is not applicable. International Text Book Co. v. Gillespie, 229 Mo. 397; Butler Bros. Shoe Co. v. U. S. Rubber Co., 156 Fed. 1; J. R. Watkins Med. Co. v. Holloway, 168 S. W. 290; Mergenthaler Linotype Co. v. Hays, 168 S. W. 239. (3) Plaintiff is entitled to sue on the contract, notwithstanding it may not be the sole, or even the actual, owner of the goods sold. (a) It is a party to the contract. The evidence shows that Tooker, O'Brien & Company, the ostensible vendor, was acting in behalf of the plaintiff. Parol evidence is competent to show this. Haubelt Bros. v. Rea & Page Mfg. Co., 77 Mo. App. 672; Donnell v. Lafferty, 113 Mo. App. 282, 292; Hunter v. Giddings, 97 Mo. 41; Williams v. Bacon, 2 Gray (Mass.) 387; White v. Dahlquist Mfg. Co., 60 N. E. 791, 179 Mass. 427. (b) Assuming that the plaintiff was not the absolute owner of the goods sold, it was in any event a factor selling the goods of its principal as its own and entitled to sue in its own name on contracts so made. Mechem on Agency, sec. 1039, p. 852; Atchison v. Railroad Co., 80 Mo. 213; Howsman v. Trenton Water Co., 119 Mo. 304; Wolfe v. Mo. Pac. Ry. Co., 97 Mo. 473; Coggburn v. Simpson, 22 Mo. 351; Keown v. Vogel, 25 Mo. App. 35; Montgomery v. Gann, 51 Mo. App. 187, 191; Morrell v. Koerner, 51 Mo. App.

592, 598. (4)　The memorandum was sufficient to satisfy the Statute of Frauds. It contained all the terms of the contract and was sufficiently signed. (a) It was signed by the broker who is competent to make a valid memorandum to bind his contracts. Coddington v. Goddard, 16 Grey (Mass.) 436, 442; Greeley Burnham Co. v. Capen, 23 Mo. App. 301; J. K. Armsby Co. v. Eckerly, 42 Mo. App. 299; Peabody v. Speyers, 56 N. Y. 230; Newberry v. Wall, 84 N. Y. 576, 580; 20 Cyc., page 256; Butler v. Thompson, 92 U. S. 412. (b)　A printed signature is sufficient under the statute. Benjamin on Sales (6 Bennett Ed.), sec. 256, p. 213, sec. 259, p. 215; Browne Statute of Frauds, sec. 356, p. 485; Saunderson v. Jackson, 2 Bos. & Puller 238; Tourret v. Cripps, 48 L. J. Ch. 567; Anderson v. Wallace L. & Mfg. Co., 70 Pac. 247; Schneider v. Norris, 2 Maule & Sel. 288; Higdon v. Thomas, 1 Harris & Gill (Md.) 152; Drury v. Young, 58 Md. 546; Com. v. Gray, 3 Gray (Mass.) 417; Lerned v. Wannemacher, 9 Allen (Mass.) 417. (c)　The signature may appear at the head of the memorandum. Benjamin on Sales (6 Bennett Ed.), sec. 259, p. 215; Saunderson v. Jackson, supra; Knight v. Crockford, Espinasse N. P. 190; Lobb v. Stanley, 8 Jurist 462; Johnson v. Dodgson, 2 M. & W. 653; Tourret v. Cripps, supra. Sawyers v. Patterson, 2 Weekly Notes Cases 334; Penniman v. Hartshorn, 13 Mass. 87. (5)　There is direct testimony that broker's bought and sold notes, identical in form with the broker's memorandum, were delivered to both buyer and seller. On the question of nonsuit, this is conclusive upon the court. If the court were permitted to draw counterinferences from the evidence, it would violate one of the essential rules of law. The fact that blanks were left on the contract, which might have been, but were not, signed by the parties, does not warrant the inference that they were intended to be signed, particularly in the face of evi-

dence that the memorandum was delivered as such. If there was any doubt whether or not the memorandum was delivered as such, the question should have been submitted to the jury. The court had no power to declare as a matter of law that the memorandum was not delivered as such, because that would involve the question of intent, which is always for the jury. Browne, Stat. Frauds, sec. 354, p. 481; Thayer v. Luce, 22 Ch. St. 62; Sanborn v. Sanborn, 7 Gray (Mass.) 142; Knight v. Crockford, 1 Esp. 190; Durrell v. Evans, 1 Hurlstone & Co. 174; Johnson v. Dodgson, 2 M. & W. 653; Tourret v. Cripps, 48 L. J. Ch. 567; Hawkins v. Chace, 19 Pick. (Mass.) 503. That fact that blanks appeared in the memorandum for signature, which were not filed by the parties and therefore did not make the instrument a contract, does not render it incompetent as a memorandum. An instrument which is intended to operate as of a higher nature, but is insufficient for that purpose may be available as a simple memorandum. Browne, Stat. Frauds, sec. 354a, p. 482; Evans v. Ashley, 8 Mo. 177, 187; Evans v. Prothero, 1 DeG. M. & G. 572; Thayer v. Luce, 22 Ohio St. 62.

*Holland, Rutledge & Lashly* for respondent.

(1) Plaintiff cannot maintain this action in our court, as it is a foreign corporation doing business in Missouri without the license required by Secs. 3039, 3040, R. S. 1909. Fay Fruit Co. v. McKinney Bros. & Co., 103 Mo. App. 304; Wilson-Moline Buggy Co. v. Priebe, 123 Mo. App. 521; Ellis Lumber Co. v. Johns, 152 Mo. App. 516, 519; Farrand v. Walker, 169 Mo. App. 602, 604; Bennett's Testimony, Trans. pp. 41, 69-72. (2) The memorandum is insufficient to satisfy the Statute of Frauds. (a) The instruments offered in evidence were merely invoices. (b) As memoranda they are incomplete, not having

been signed by the party to be charged or his lawfully authorized agent. Drury v. Young, 58 Md. 546, 554. (c) The burden of proving agency is upon the one who would charge another as principal with the act of the alleged agent. Plummer v. Knight, 156 Mo. App. 321; Knoche v. Whitman, 86 Mo. App. 568. (d) Rosen-Reichardt were not brokers, but agents acting solely for Tucker-O'Brien, and as such agents they had no authority to make a binding memorandum on behalf of defendant. Murphy v. Boese, L. R. 10 Ex. 126, 131, decided 1875; Hinckley v. Arey, 27 Mo. 362; Strong v. Dodds, 47 Vt. 348; Wilson v. Lewiston Mill Co., 150 N. Y. 314; Coddington v. Goddard, 16 Gray 442. Where a place for signature is specially indicated by a blank line between the words, "Accepted, ————————————————Buyer," the name of the party to sign appearing in the body of the instrument does not constitute a signing. Jones v. Gurlie, 61 Miss. 423. (3) There was no tender of the proper amount and quality, and until such tender is made there is no liability on the part of the vendee for failure to accept the goods, or for failure to pay the contract price. Allen v. Pennell, 51 Ia. 539; Cash v. Hinkle, 36 Ia. 627; Hoffman v. King, 58 Wis. 318; McPherson v. Gale, 40 Ill. 370.

NORTONI, J.—This is a suit by the vendor for damages accrued on account of a breach of contract of sale. At the conclusion of the evidence the court directed a verdict for defendant, and plaintiff thereupon suffered an involuntary nonsuit. It filed a motion in due time to set the nonsuit aside, but this the court overruled, and, on exception duly saved, the appeal is prosecuted here by plaintiff.

Plaintiff is a corporation organized and existing under the laws of the State of California and engaged

in the business of drying and selling fruits.  Tooker O'Brien & Company is plaintiff's selling agent in San Francisco, and through the latter it is said plaintiff sold eight hundred fifty-pound boxes of raisins to defendant—that is, six hundred boxes 2 crown L. M. Raisins and two hundred boxes of 3 crown L. M. Raisins.  The sale was negotiated by Rosen-Reichardt Brokerage Company of St. Louis, Missouri, to defendant, J. M. Anderson Grocer Company, of and in the same city.

It appears that plaintiff, a foreign corporation, is not qualified to do business in the State of Missouri—that is, it had not been licensed by the authorities here.  It is argued, in view of this, that the court very properly directed a verdict for defendant, because, in such circumstances, plaintiff was not entitled to sue under our laws.  But it appears the transaction involved here falls within the category of interstate commerce, rather than that of doing business in Missouri.  Plaintiff maintained no business establishment here.  It neither stored nor paid for the storage of goods nor carried any stock on hand here, save an occasional car of dried fruits on consignment to its brokers, for sale by the broker on plaintiff's account.  It appears Rosen-Reichardt Brokerage Company received an offer from defendant on eight hundred boxes of raisins and wired the proposal to Tooker O'Brien & Company in San Francisco, whereupon the Tooker O'Brien Company confirmed the prices made and the sale was thereupon consummated by the broker to defendant for the account of plaintiff.  The raisins were thereafter shipped forward under a bill of lading made to plaintiff's order, ''notify the Rosen-Reichardt Brokerage Company;'' the brokerage company to receive a commisison on the sale for its services including the collection and remittance of the purchase price.  It appears from this that the sale was not made

in this State by plaintiff to defendant, where it was not authorized to transact business, but, rather, it was made by the Rosen-Reichardt Brokerage Company in their capacity as brokers, where they were fully authorized to transact business, and this on plaintiff's account for a commission. In such circumstances the transaction is regarded as one of interstate commerce, effected through a broker who merely negotiates, sees to the delivery of the goods, and collects and remits the price. In a similar case, though that of a factor, it is said the plaintiff corporation is not selling fruit in the State, when the transaction assumes the form above set forth, but the factor is. Therefore the transaction is one of interstate commerce, and this is true even though the title of the goods remains in the seller for the while. [See Butler Bros. Shoe Co. v. United States Rubber Co., 156 Fed. 1, 20. See, also, International Text-Book Co. v. Gillespie, 229 Mo. 397, 129 S. W. 922.] We perceive no distinction as to this subject-matter between such a case and a case such as this, where the sale is made by a broker in Missouri, when it is remembered the title remains in the seller in either case until the goods are delivered and a similar agency as to the mere right to sue attends either the factor or broker.

But it is argued the court properly directed a verdict for defendant for that no sufficient note or memorandum of the sale, as required by the Statute of Frauds, appears. It is true the transaction falls within the purview of the statute, in that the price agreed upon exceeds $30, and it is conceded none of the goods were actually received by the purchaser and nothing in earnest was paid to bind the bargain. In such circumstances the statute (section 2784 R. S. 1909) requires that some note or memorandum in writing be made of the bargain, and signed by the parties to be charged with such contract, or their agent lawfully

authorized. It appears, however, that immediately upon the consummation of the agreement between the Rosen-Reichardt Brokerage Company and defendant, J. M. Anderson Grocer Company, the former—that is, the broker—made a memorandum of the sale in its books and delivered a copy to defendant and also mailed a copy to the Tooker O'Brien Company in San Francisco, selling agent for plaintiff. This memorandum is in evidence and relied upon as a sufficient writing concerning the transaction under the statute. The memorandum is as follows:

| "SOLD BY<br>ROSEN-REICHARDT BROK-<br>ERAGE CO.<br>813 Spruce Street,<br>St. Louis, Mo. | ORDER<br>To J. M. Anderson Grocer Co., NO.<br>St. Louis, Mo.    Date 7-17-11<br>For Account of Tooker O'Brien & Co.<br>Folio |
|---|---|
| 600<br>200 | 50 lb. boxes 2 cr. L. M. Raisins    5 ¼<br>50 lb. boxes 3 cr. L. M. Raisins    5 ½<br>1911 crop. |

Charge
  SHIPMENT October or sooner    F. O. B. Coast.    Terms regular.
Accepted                    Buyer    Accepted                    Seller."

It is argued on the part of defendant that this memorandum is insufficient because it is not signed by defendant or some agent by it thereto lawfully authorized, but we are not so persuaded. It should be said in this connection, however, that the writing thereon "F. O. B. Coast" "Terms regular" are trade terms which it is competent to define through parol evidence, and this appears to be conceded, for no point whatever is made touching that matter. Furthermore, it is to be said of this memorandum that it reveals a sale for account of Tooker O'Brien & Company, who, as before said, is the selling agent of plaintiff. In so far as the memorandum is concerned, Tooker O'Brien & Company is treated as the seller, and, of course, its rights under the contract inure to the benefit of plaintiff, for whom it was acting as a selling agent. On these sev-

eral matters, however, no point is made, and the real
controversy presented here relates alone to the sign-
ing of the memorandum on the part of defendant, for
it is said that neither defendant nor its agent signed it.

The evidence tends to prove that the Rosen-Reich-
ardt Company, incorporated, is a broker engaged in
selling fruits for commission. But it is argued on the
part of defendant that the brokerage company is plain-
tiff's agent. So much may be conceded in a sense, but
not in the view urged here. There is, perhaps, slight
evidence in the record affording an inference that the
brokerage company was plaintiff's agent, but, if this
be true, there is overwhelming evidence, too, tending
to prove it was a mere broker, negotiating between the
two parties. No one can doubt that a broker is the
agent of both buyer and seller, when it comes to exe-
cuting the memorandum of a sale theretofore nego-
tiated by him between them. In the first instance, a
broker may be regarded as the agent of one party
only—that is, the party by whom he is originally em-
ployed; but when, acting as a broker, he strikes a bar-
gain between the parties and the contract of sale is
definitely settled, he becomes the agent of both par-
ties for the purposes of executing the memorandum of
the transaction. [See Bouvier's Law Dictionary,
"Brokers."]

In 20 Cyc. 256, 257, it is said:

"A broker is the agent of both parties to make a
memorandum of the contract charging either, and his
book entries or sales notes of sales duly consummated
by him, if otherwise sufficient, will satisfy the statute."

A leading case, in discussing the office and author-
ity of a broker in respect of the subject-matter here
in judgment says:

"Brokers and auctioneers are deemed to be the
agents of both parties, and by virtue of their employ-
ment stand in such relation to their principals that

they can sign the names of the parties to a contract of sale effected through their agency. Such authority is implied from the necessity of the case; because without it they could not complete a contract of sale so as to make it legally binding on the parties.'' [See Coddington v. Goddard, 16 Gray (Mass.), 436, 444.]

Browne on the Statute of Frauds (5 Ed.), section 369, says:

''The same person may act as agent for both parties. This is shown by the familiar cases of entries by brokers and auctioneers, in addition to which others will be referred to presently. In regard to brokers, we have already had occasion to see that they bind both the buyer and the seller, between whom they complete a bargain, by their bought and sold notes or by their written book entry.'' [Ibid, section 351.] To the same effect, see Greeley-Burnham Grocer Co. v. Capen, 23 Mo. App. 301; Newberry v. Wall, 84 N. Y. 576; Butler v. Thomson, 92 U. S. 412.

The memorandum in evidence, which was not only delivered to plaintiffs' selling agent, but to defendant, as well, at the time, recites the sale, on the part of the broker, for the account of Tooker O'Brien & Company, plaintiff's selling agent, to defendant, of six hundred fifty-pound boxes of raisins of the crop of 1911 at the prices therein indicated, on terms as to shipment, time and payment in all respects sufficient—that is, in view of the oral evidence which may be given with respect to such trade terms as are therein set forth. Obviously, the memorandum is in every respect sufficient, unless it be that it is not signed by the party to be charged, or by some person lawfully authorized on its part. In view of the authorities above cited, it is clear that the Rosen-Reichardt Brokerage Company possessed authority to sign defendant's name to this memorandum and bind it by so doing, or to sign its own name thereto and bind the defendant. No one

can doubt that the signature to a memorandum made by an agent is a sufficient compliance with the Statute of Frauds, though he write his own name instead of that of his principal, if it were his intention that the latter should be bound by it. [See Williams v. Bacon, 2 Gray (Mass.) 387, 393; Greeley-Burnham Grocer Co. v. Capen, 23 Mo. App. 301, 304.]

But it is said the memorandum is not even signed by the brokerage company. It is true no formal signature appears to be affixed thereto but this is unimportant in view of the fact that the name of the broker—that is, the Rosen-Reichardt Brokerage Co.—is printed on the heading of the memorandum and defendant's name is clearly written by the broker therein in typewriting, as the purchaser. The signature required by the statute is not confined to the actual subscription of his name by the party to be charged, as is said by Mr. Benjamin on Sales (6 Ed.), section 256. Indeed, the name of the party to be charged may be either in writing or in print or by stamping the name upon the memorandum. Moreover, it may be in the body of the writing or at the beginning or at the end of it. "But when the signature is not placed in the usual way at the foot of the written or printed paper, it becomes a question of intention, a question of fact to be determined by the other circumstances of the case, whether the name so written or printed in the body of the instrument was appropriated by the party to the recognition of the contract." [See Benjamin on Sales (6 Ed.), section 259; Drury v. Young, 58 Md. 549; Browne on Statute of Frauds (5 Ed.), section 356. See, also, Saunderson v. Jackson, 2 Bos. and Puller 237.

In Clason v. Bailey, 14 Johns. Rep. 486, Chancellor KENT says:

"It is a point settled, that if the name of a party appears in the *memorandum*, and is applicable to the

whole substance of the writing, and is put there by him or by his authority, it is immaterial in what part of the instrument the name appears, whether at the top, in the middle, or at the bottom. Forms are not regarded, and the statute is satisfied if the terms of the contract are in writing, and the names of the contracting parties appear.'' [See, also, Higdon v. Thomas, 1 Har. & Gil. (Md.) 139, 152.]

It sufficiently appears that defendant's name was written into the memorandum as the purchaser, by the Rosen-Reichardt Brokerage Company, who, according to the evidence, at that stage of the negotiations, had, in virtue of its function as broker, become the agent of defendant as well as plaintiff and was authorized to do so; moreover, that defendant appropriated the name thus written by accepting and retaining the memorandum of the sale thus prepared and delivered to it.

In the case of Durrell v. Evans, 1 Hurlstone & Coltman's Rep. 172, a similar memorandum was considered, for there the name of the defendant, written by a factor, at the head of the memorandum delivered to him, was regarded as a sufficient signature by his agent. In that case the memorandum related to the sale by the plaintiff's factor of certain hops, and, on a cursory reading of the opinion, it would seem that the court, through laying stress upon the evidence tending to prove the factor was the agent of defendant and authorized to sign his name thereto, cast an inference, that such evidence was essential in every case. What was there said on the question of evidence showing authority in plaintiff's factor to represent defendant as well, must be considered, however, in connection with the office of the factor which is not in all respects identical with that of a broker. The broker, as before said, is in the first instance the agent of one party only—that is, the party who first employs him—but rises to the dignity of an agent for both on consum-

mating the negotiations so as to enable him to repre-
sent both in executing the bought and sold notes. [See
Bouvier's Law Dictionary, ''Brokers.''] But a factor
is an agent of his principal only employed to sell goods
for a factorage or commission. [See Bouvier, ''Fac-
tor.''] With this distinction in mind, it is clear that
the language of the court employed in Durrell v. Ev-
ans, supra, touching the matter of the evidence essen-
tial to show the authority of the factor to write the
defendant's name in the heading of the memorandum
as a purchaser of the hops is to be treated as beside
the instant case, for here the broker possessed the es-
sential authority employed in virtue of his calling—
that is, the authority is implied in law. We regard
the memorandum as sufficient, under the Statute of
Frauds, in that the broker possessed authority to rep-
resent defendant as well as plaintiff.

The evidence is, that plaintiff tendered the goods
to defendant in due time, but after they reached Cup-
ples Station, St. Louis, it refused to accept them.
There is some argument put forward in the brief to
the effect that this was insufficient, but obviously the
tender so made will suffice. The argument concerning
this does not merit discussion.

The judgment should be reversed and the cause
remanded. It is so ordered. *Reynolds, P. J.,* and *Al-
len, J.,* concur.