**CENTRAL WOODWORK, INC., a Corporation, Plaintiff-Respondent,**

v.

**STEELE SUPPLY COMPANY, a Corporation, Defendant-Appellant.**

No. 8044.

Springfield Court of Appeals. Missouri.

June 21, 1962.

Ward & Reeves, Caruthersville, for appellant.

Henley & Fowlkes, Caruthersville, for respondent.

McDOWELL, Judge.

This action was instituted in the Circuit Court of Pemiscot County, Missouri, on

April 28, 1960, to recover the sum of $2,240.12, together with interest thereon, for merchandise and goods sold and delivered to defendant. The cause was transferred to the Circuit Court of Dunklin County on change of venue where it was tried by the court, a jury having been waived, and judgment entered for plaintiff in the amount sued for. From this judgment defendant appealed.

Prior to the trial, to-wit, on February 23, 1961, appellant filed its motion for summary judgment upon the grounds that respondent was a foreign corporation organized under the laws of the state of Tennessee and not licensed to do business in Missouri and had transacted business in the state of Missouri in violation of Sections 351.570 and 351.635 RSMo 1959, V.A.M.S., and, for that reason, was barred from maintaining this action. This motion was submitted to the court along with the case on the merits. The court overruled defendant's motion for summary judgment.

The only issue raised on this appeal is the correctness of the court's ruling on defendant's motion for summary judgment so the statement of facts will be limited to the evidence on that issue.

Central Woodwork, Inc., is a corporation organized under the laws of Tennessee with its place of business and domicile in Memphis. The company has not qualified to transact business in Missouri. It does not maintain any office in Missouri, but employs one salesman who travels in Missouri. He works exclusively for the company and is paid a commission. His territory in Missouri covers the Bootheel area as far north as Sikeston. The company solicits business in Missouri and the salesman regularly travels in Missouri making contacts with customers soliciting business. He makes a regular route in Missouri about every two to two and a half weeks. This route consists of the cities of Sikeston, Dexter, Kennett, Caruthersville, Hayti, Steele, Lilbourn, New Madrid, Cardwell, Poplar Bluff, Portageville, Sen-

ath, Parma, Malden, Bernie and East Prairie, and it has regular customers in these towns. The salesman regularly contacts approximately 30 different customers within the state of Missouri. The Missouri sales represent approximately ten per cent of the total sales volume of the company. The salesman lives in Paragould, Arkansas, and also sells merchandise in that state. His area is confined to northeast Arkansas and southeast Missouri.

Randall Jenkins testified that he was salesman for plaintiff from June 26, 1959, to February 16, 1960, and that during that period he would visit the Steele Supply Company, defendant, about every two weeks. His regular route covers almost every town in southeast Missouri. His territory is Arkansas and Missouri and the percentage of total sales arising in Missouri varies from forty to sixty per cent. In addition to selling merchandise to Missouri customers he talks to customers about complaints they have concerning merchandise and adjusts complaints and, on occasions, assists his Missouri customers in selling his company's products. He talks to various persons in Missouri in order to help his Missouri customers sell their products to local customers. On some three or four occasions the salesman has gone with employees of defendant-company to the site of local construction to check products furnished by respondent. He visits construction sites on an average of about once a week where Central Woodwork products were being used. These trips were made at the request of the local retail lumbermen and sometimes he went for the purpose of helping the local lumbermen dealers sell a job.

The defendant offered no evidence.

Under points and authorities relied upon by appellant it is stated that the court erred in overruling the appellant's motion for summary judgment because the evidence disclosed that respondent is a foreign corporation, not licensed to do busi-

ness in Missouri, was conducting a purely local and intrastate business within this state in violation of Section 351.635 RSMo 1959, V.A.M.S., and hence is precluded from maintaining this action under the provisions of Section 351.570 RSMo 1959, V.A.M.S.

To support this contention appellant cites Seneca Textile Corp. v. Missouri Flower & Feather Co., Mo.App., 119 S. W.2d 991; Western Outdoor Advertising Co. of Nebraska v. Berbiglia, Inc., Mo. App., 263 S.W.2d 205; and M. A. Kelly Broom Co. v. Missouri Fidelity & Casualty Co., 195 Mo.App. 305, 191 S.W. 1128.

Section 351.570 RSMo 1959, V.A.M.S. provides: "A foreign corporation organized for profit, before it transacts business in this state, shall procure a certificate of authority so to do from the secretary of state. * * *"

Section 351.635 RSMo 1959, V.A.M.S. provides: "Every foreign corporation now doing business in or which may hereafter do business in this state which shall neglect or fail to comply with this chapter shall be subject to a fine of not less than one thousand dollars to be recovered before any court of competent jurisdiction; * * * in addition to which penalty, no foreign corporation, failing to comply with this chapter, can maintain any suit or action, either legal or equitable, in any of the courts of this state, upon any demand, whether arising out of the contract or tort, while the requirements of this chapter have not been complied with."

Seneca Textile Corp. v. Missouri Flower & Feather Co., supra, was a suit by a foreign corporation to recover for merchandise allegedly sold and delivered to the defendant wherein defendant relied on the statute providing that a foreign corporation doing business within the state without compliance with the statutes cannot maintain any suit. The lack of qualification of the plaintiff to do business in Missouri at the time of the transaction was conceded. Plaintiff maintained an office in St. Louis as well as a home office in New York. The goods from the foreign state were shipped to a warehouse in Missouri. The foreign corporation's agent caused the goods to be shipped out of the warehouse to fill orders that the agent had procured from customers within the state. The court held that the business in St. Louis was conducted by the agent as plaintiff's alter ego and with the apparent intent to make it appear that plaintiff was engaged in interstate commerce; that the shipment to the warehouse ended the interstate journey and that when the agent shipped out the goods to customers procured in the state constituted intrastate shipment. This case does not support appellant's contention because the facts are entirely different.

Plaintiff, respondent, in the instant case, maintained no office or warehouse in Missouri. All shipments made under orders taken from customers in Missouri were from plaintiff's office in Memphis directly to the customer.

Western Outdoor Advertising Co. of Nebraska v. Berbiglia, Inc., supra, was an action for rentals due under a contract for the erection of advertising signs. Recovery was denied because plaintiff-foreign corporation did not comply with Missouri statutes. The court stated this law 263 S. W.2d on page 209:

"* * * However, we recognized the rule that a determinative factor of whether the business was intrastate in nature was the question of continued dealing by the foreign corporation with the property after interstate commerce had wholly ceased, and whether that continued dealing was an isolated transaction or a continuing form of the business of the foreign corporation. * * *"

The facts in this cited case were that plaintiff continued to deal with the signs after the interstate shipment had ceased and derived its sole profit from such dealing over a period of years. The title to the signs remained in plaintiff subject to

its maintenance and subject to being re-rented at the expiration of the original lease period. We find that these facts are so different from the facts in the instant case that they do not support appellant's contention.

M. A. Kelly Broom Co. v. Missouri Fidelity & Casualty Co., supra, involved the same issue as in the instant case. The facts were that M. A. Kelly Broom Company, incorporated under the laws of Kansas, was prosecuting its business by shipping its brooms to a place of business in Missouri and selling the same which had been manufactured in Kansas. In carrying out its business it was necessary to employ an agent in Missouri and to assure his fidelity by securing a surety bond for the performance of the agent's business. The court held that this constituted intrastate business. This case is not an authority for appellant in the instant case.

In Superior Concrete Accessories v. Kemper, Mo.Sup., 284 S.W.2d 482, 486[3] the law is stated:

"The solicitation of orders for goods within a state by a foreign corporation through a resident broker or commission merchant who maintains a local office at his own expense, and the shipments of goods by the foreign corporation into the state directly to the purchasers pursuant to such orders, constitute business in interstate commerce, and does not constitute doing business within the state so as to subject the foreign corporation to local statutes prescribing conditions for doing business within the state." [Citing much authority]; Simplified Tax Records, Inc. v. Gantz, Mo.App., 333 S.W.2d 328; Dinuba Farmers' Union Packing Co. v. J. M. Anderson Grocer Co., 193 Mo.App. 236, 182 S.W. 1036.

Under the law as declared by the Supreme Court in the Superior Concrete Accessories case, above cited, we find that the facts in the instant case fail to show that plaintiff-respondent was engaged in intrastate commerce; that the trial court was not in error in overruling appellant's motion for summary judgment. We find that the evidence in the instant case merely shows that respondent solicited orders for goods within the state through a commission agent and that said orders were transferred to plaintiff's office in Memphis and there approved and shipped directly to the purchasers. In fact, some of the orders which were filled and constitute a part of plaintiff's cause of action, were made directly by the customers through long distance telephone. Such orders constituted a business in interstate commerce and do not constitute doing business within this state so as to subject plaintiff, a foreign corporation, to the local statutes prescribing conditions for doing business in this state.

Judgment affirmed.

RUARK, P. J., and STONE, J., concur.