UNITED STATES TESTING COMPANY, INC., Respondent,

v.

ESTATE OF Harold Loyd GLENN, Deceased, Appellant.

No. 13382.

Missouri Court of Appeals, Southern District, Division Three.

July 12, 1984.

Joe Z. Satterfield, Parsons & Wilson, P.C., Dexter, for appellant.

Briney Welborn, Briney & Welborn, Bloomfield, for respondent.

CROW, Presiding Judge.

This is an appeal by Sue Glenn, Personal Representative of the Estate of Harold Loyd Glenn, Deceased ("appellant") from a judgment of the Probate Division of the Circuit Court of Stoddard County allowing a claim against the estate in the amount of $2,929 by United States Testing Company, Inc. ("claimant").

Appellant's sole point is that the trial court erred in entering the judgment because claimant "failed to prove its corporate status and concomitant legal capacity to sue in this State's courts."

Claimant engages in the business of testing and analyzing farm soil, employing field representatives to solicit farmers to use its services.

In 1979, in Stoddard County, Missouri, Harold Loyd Glenn entered into an agreement with claimant for three years of testing services. Soil samples from Glenn's Stoddard County farm were collected by claimant's representatives and sent to claimant's regional laboratory in Memphis, Tennessee, for analysis. Reports containing the results and the recommendations of claimant's agronomists regarding fertilizer, minerals and pest control agents were prepared at claimant's Memphis office and sent to Glenn. Claimant performed all of the services contracted for during the term of the agreement. Glenn died, however, early in 1982, without having paid the amount due for the final year's services. The amount owed, $2,929, is not disputed.

At the hearing in the trial court, the office manager for claimant's Memphis division testified that claimant is "incorporated." Then, this:

"Q. And, where are you incorporated?

A. In the state of New Jersey."

Appellant promptly objected, asserting that the best evidence would be the certificate of incorporation or the certificate of good standing from the state of incorporation, or a certificate from the State of Missouri that claimant is a foreign corporation qualified to sue and be sued in this State.

The objection was overruled. Claimant presented no other evidence regarding its existence or its authority to maintain this action.

According to the record furnished us, the only pleading filed in the trial court was the claim. Appellant filed no motion or pleading.

In response to the point relied on by appellant, claimant, citing § 509.140, RSMo 1978,[1] insists that because appellant failed

1. Section 509.140, RSMo 1978, provides, in per-     tinent part: "When a person desires to raise an

to raise the issue of corporate capacity or standing by pleading in the trial court, the objection was waived.

We disagree. Section 509.140 was enacted in 1943 as part of the Civil Code of Missouri, Laws 1943, pp. 353–97. Specifically, § 509.140 was § 45 of that Act. Section 506.010.2, RSMo 1978, provides that the Code shall not apply to the practice and procedure before a circuit or associate circuit judge in a probate division of the circuit court except to the extent that the provisions of the Code are otherwise specifically made applicable. Claimant cites no statute or rule making § 509.140 applicable to this action, and we know of none.

Furthermore, the rule requiring that the issue of legal existence of a party or the capacity of a party to sue be raised by specific negative averment is Rule 55.13,[2] which tracks § 509.140. Rule 55 does not apply to civil actions in the probate division of the circuit court unless the judge of that division so orders. Rule 41.01(a), (c), (e) and (f). No such order was entered here. *Executive Jet Management & Pilot Service, Inc. v. Scott,* 629 S.W.2d 598 (Mo.App. 1981), cited by claimant, is inapposite. That case relied strictly on Rules 55.13 and 55.27(g) in holding that the defense that a plaintiff does not have the legal capacity to sue is waived if not presented by motion or responsive pleading. *Id.* at 611[33–35]. Rule 55, as we have emphasized above, does not apply to the case before us.

We therefore reject claimant's contention that appellant waived the right to challenge claimant's corporate existence and capacity to sue by failing to raise such issues in a pleading.

Moving to the merits, we observe that § 351.570.1, RSMo 1978, provides that no foreign corporation shall have the right to transact business in Missouri until it shall have procured a certificate of authority to do so from the Secretary of State. Section 351.635, RSMo 1978, provides, in pertinent part, that no foreign corporation now, or hereafter, doing business in Missouri, which fails to comply with § 351.570.1 shall maintain any suit or action, either legal or equitable, in any of the courts of Missouri, upon any demand, whether arising out of the contract or tort, so long as the noncompliance persists. *Whalen Construction and Equipment Company, Inc. v. Grandview Bank and Trust Co.,* 578 S.W.2d 69, 71[2] (Mo.App.1979).

Appellant asserts that claimant was transacting business in Missouri, and that there was no evidence whatsoever that claimant had procured a certificate from the Secretary of State of Missouri to do so. Consequently, argues appellant, the trial court should have ordered the claim dismissed at the conclusion of the hearing.

■ In evaluating this contention, we are mindful that for the purposes of chapter 351, RSMo 1978, a foreign corporation shall not be considered to be transacting business in Missouri by reason of carrying on in Missouri the transaction of business in interstate commerce. § 351.570.2(9), RSMo 1978. Business in interstate commerce does not constitute doing business within Missouri so as to subject a foreign corporation to Missouri statutes prescribing conditions for doing business within Missouri. *Superior Concrete Accessories, Inc. v. Kemper,* 284 S.W.2d 482, 486[3] (Mo.1955). Therefore, if claimant is indeed a New Jersey corporation, and if its activities in Missouri, described *supra,* constitute interstate commerce, claimant was not obliged to obtain a certificate of authority from the Secretary of State of Missouri as a condition precedent to maintaining this action. *Newspaper Publishers, Inc. v. St.*

issue as to the legal existence of any party or the capacity of any party to sue or be sued or the authority of a party to sue or be sued in a representative capacity, he shall do so by specific negative averment, which shall include such supporting particulars as are peculiarly within the pleader's knowledge. When a party so raises such issue, the burden of proof thereon shall be placed upon the opposite party."

**2.** Rule references are to Missouri Rules of Civil Procedure (13th ed. 1982), the edition extant when the claim was filed. All rules referred to herein remain unchanged since that edition.

*Charles Journal, Inc.*, 406 S.W.2d 801, 803 (Mo.App.1966).

We find no case deciding whether the solicitation of contracts for testing services in one state, under which the substance to be tested is sent to another state where the tests are performed, and reports of the findings are thereafter sent to the customers in the first state, constitutes the transaction of business in interstate commerce. There are, however, cases deciding whether various other types of business arrangements in which some of the activity occurs in Missouri and some elsewhere constitute interstate commerce. They include *American Trailers, Inc. v. Curry*, 621 F.2d 918 (8th Cir.1980); *Superior Concrete Accessories, Inc.*, 284 S.W.2d 482; *Newspaper Publishers, Inc.*, 406 S.W.2d 801; *Filmakers Releasing Organization v. Realart Pictures of St. Louis, Inc.*, 374 S.W.2d 535 (Mo.App.1964); *Village of Bel-Nor v. Barnett*, 358 S.W.2d 832 (Mo.1962); *Central Woodwork, Inc. v. Steele Supply Co.*, 358 S.W.2d 447 (Mo.App.1962); *Western Outdoor Advertising Co. v. Berbiglia, Inc.*, 263 S.W.2d 205 (Mo.App.1953); *Republic Steel Corp. v. Atlas Housewrecking & Lumber Corp.*, 232 Mo.App. 791, 113 S.W.2d 155 (1938), and others.

■ Having made these observations, we take note that the parties did not, in the trial court, address the issue whether the business that claimant conducted with Glenn constituted the transaction of business in interstate commerce, nor have they done so here. The only thing in the record pertinent to whether claimant may maintain this action is the cryptic testimony of its Memphis office manager that claimant is a New Jersey corporation. The record is barren of any evidence that claimant procured the certificate required by § 351.-570.1, RSMo 1978. With the record in this posture, the only way we could affirm the trial court would be to hold that the business claimant conducted with Glenn constituted the transaction of business in interstate commerce, thereby excusing claimant from procuring the certificate required by § 351.570.1.

Were we to decide the interstate commerce issue, we would be adjudicating a question that the trial court had no occasion to consider and the parties neither tried below nor briefed here. Additionally, in deciding the issue *sua sponte*, we might become an advocate, a function unsuitable for an appellate court. *Thummel v. King*, 570 S.W.2d 679, 686[9] (Mo. banc 1978).

We have therefore concluded that the proper disposition of this appeal is to reverse the judgment and remand the cause to the trial court for a determination of claimant's capacity to bring this action in a Missouri court. If, on remand, the trial court finds that claimant is in fact a New Jersey corporation, and further finds that the business between claimant and Glenn constituted the transaction of business in interstate commerce, the trial court shall enter judgment in the same terms as the present judgment. Similarly, if the trial court finds that claimant is a New Jersey corporation, and further finds that claimant procured the certificate required by § 351.-570.1, RSMo 1978, the trial court shall enter judgment in the same terms as the present judgment. If the trial court finds that claimant is a New Jersey corporation, and further finds that the business between claimant and Glenn did not constitute the transaction of business in interstate commerce, but merely intrastate business in Missouri, and further finds that claimant failed to procure the certificate required by § 351.570.1, RSMo 1978, the trial court shall enter judgment dismissing the claim.

Having decided upon this disposition of the appeal, we do not reach the issue whether the testimony of claimant's Memphis office manager was sufficient to establish claimant's existence as a New Jersey corporation. Claimant, if it sees fit, may present further evidence as to its corporate existence on remand. We likewise need not decide whether appellant, by reason of Glenn's dealings with claimant, is estopped to deny claimant's corporate existence.

The judgment is reversed and the cause is remanded for further proceedings consistent with this opinion.

GREENE, C.J., and HOGAN, MAUS and PREWITT, JJ., concur.