### Matt MORAVAC, d/b/a Kay–Cee Asphalt, Appellant,

v.

### DAVE LITTLETON FORD, INC., Respondent.

### No. WD 45873.

Missouri Court of Appeals, Western District.

Aug. 25, 1992.

Motion for Rehearing and/or Transfer to Supreme Court Denied Sept. 29, 1992.

Application to Transfer Denied Oct. 27, 1992.

**152**

R. Todd Wilhelmus, Mission, for appellant.

Roger G. Burnett, Liberty, for respondent.

Before LOWENSTEIN, C.J., and KENNEDY and BERREY, JJ.

LOWENSTEIN, Chief Judge.

This appeal is from a breach of contract suit brought by an entity which was to perform work for the respondent. The written contract was never introduced in evidence, but the respondent who barred the appellant from performing the work admitted to the essential terms of the agreement. The obligee, the respondent, even before performance began, believed the work would not be done in a workmanlike manner and prevented performance.

Matt Moravac, d/b/a Kay–Cee Asphalt (Moravac), filed this suit for damages from alleged breach of contract by respondent corporation, against Dave Littleton Ford, Inc. (Littleton). Moravac appealed. The trial court found that Moravac had not proved a suit for damages from breach of contract because the written contract was not offered into evidence, and therefore, there was no "contract" upon which to decide the case. In this bench-tried matter, the court never addressed legal justification for Littleton's actions nor did it reach the measure of damages. Moravac's points on appeal are 1) that the trial court erred in finding no contract was proven, because a) Littleton judicially admitted the execution and existence of the contract, b) Littleton judicially admitted preventing Moravac from performing pursuant to the terms of the contract, c) Littleton's actions excused Moravac from proving that Moravac had performed the terms of the contract, and, 2) that the trial court erred in overruling Moravac's objections to Littleton's introduction of evidence pertaining to an affirmative defense when the defense was not plead in Littleton's answer.

I. Facts on Appeal

On June 8, 1990, Matt Moravac met with David Littleton at Dave Littleton Ford, Inc., to discuss the asphalting of the dealership's parking lot. Moravac and Littleton walked over the lot, discussed what would be asphalted, and Moravac wrote down the details of area asphalted and price on a "proposal" slip, which both Moravac and Littleton signed on that day under the word "acceptance." The proposal included the names and addresses of the parties, the measurements of the area to be asphalted, the price for the job to be paid on completion, and that the job would be done in a "workmanlike manner." The parties also orally agreed that Littleton would add extra gravel to the lot and do some grading prior to the asphalt job. At some point,

Littleton began learning about asphalting, and how his lot should be asphalted, from the compaction rate of the gravel base to the way the old and new asphalt should be joined. Littleton was apparently told by a commercial neighbor that Moravac would not do a good job on the lot.

On June 20, 1990, Moravac returned to start the job. Moravac testified that Littleton had not put in sufficient gravel, while Littleton testified that when he asked how Moravac would deal with certain problem areas on the lot, Moravac's answers were not satisfactory: when Littleton asked what old asphalt would be removed in order to properly lay the new asphalt, Moravac said "I don't know, where do you want me to [remove the old]." Littleton then said, "Look, I don't want to do this," called off the deal and told Moravac to leave the premises.

Although Littleton did not believe that Moravac would remove existing asphalt in order to have a clean edge to bond the new asphalt, or would correctly fix the two pot-holes on the lot, Moravac testified that "what needed [removing] he would." On the advice of legal counsel, Littleton later sent Moravac a check for $350.00, with the following typed on the reverse side: "In consideration of the acceptance of this check and by the endorsement here on, I here by release Dave Littleton Ford, Inc. from all obligations under the contract dated June 8, 1990 and executed by Dave Littleton Ford, Inc. and Kay Cee Asphalt." Again, neither the proposal nor the check were offered into evidence.

## II. Proving the Contract

 The sole deciding issue confronting this court is whether the trial court correctly found against Moravac because the written contract was not introduced into evidence. Although it is unclear why the signed proposal, or the $350.00 check, was not introduced, the trial court clearly found it a fatal flaw, as shown by its conclusions:

> The Court finds no contract was proven at trial, although Exhibit 3, contract, was referred to during trial, such exhibit was not introduced into evidence, therefore, the written document upon which Plaintiff relies that would show the terms of an alleged contract is not before the Court.

This court disagrees. In order to sue for breach of contract, the plaintiff must show the existence of a contract or agreement and the terms of that agreement, that the plaintiff performed or tendered performance, that the defendant did not perform, and that the plaintiff was thereby damaged, *Lick Creek Sewer Systems, Inc. v. Bank of Bourbon*, 747 S.W.2d 317 (Mo. App.1988). Generally a written contract is the "best evidence" of the terms of the contract, yet both Moravac and Littleton testified without objection as to the existence of the contract, and as to all the major terms of the contract. *Whitenton v. Whitenton*, 659 S.W.2d 542 (Mo.App.1983). Both sides agreed as to the price, the job, and the method of payment. Moravac, Littleton, and their lawyers behaved throughout trial as if a contract existed, referring to the agreement as such in all questions and answers. Here, where both parties testified to and agreed to the pertinent terms of this contract, where Littleton specifically referred to and testified to the agreement to have his lot asphalted as "the contract," and where *Littleton's theory at trial was that Moravac actually first breached the contract*, the trial court had ample evidence of the contract and its terms to address the merits of the case, *Sears v. Kistner*, 555 S.W.2d 74, 77 (Mo. App.1977) (petition alleged agreement which defendants admitted to, so no issue remained but breach and damages).

This court concludes that all the elements and terms of the contract were agreed to and admitted in the form of testimony. Why the work order or proposal was never formally introduced remains a mystery, and this method of proving up a contract is not proposed as a model. Also mysterious is the attempt to settle by the offer of the $350 check, which Moravac did not introduce, but testimony concerning it was not objected to by Littleton.

The cause is reversed and remanded to the trial court for a determination from the existing record as to whether Moravac tendered proper performance, or whether Littleton's evidence of Moravac's proposed work amounted to an anticipatory repudiation under the facts of the case. *Cf. Rosenthal v. Jordan*, 783 S.W.2d 452, 454 (Mo.App.1990). If the court finds from the evidence that Littleton was not justified in having barred performance, it will from the record determine the damages if any. Costs assessed against the respondent.