Gerald F. VENABLE, Appellant,

v.

HICKERSON, PHELPS, KIRTLEY & ASSOC., INC., Respondent.

No. WD 50064.

Missouri Court of Appeals, Western District.

Aug. 8, 1995.

Richard E. McLeod, R. Denise Henning, Kansas City, for appellant.

Joseph R. Colantuono, William E. Hans, Kansas City, for respondent.

Before HANNA, P.J., and BERREY and SPINDEN, JJ.

BERREY, Judge.

Appellant Gerald F. Venable (Venable) filed suit against Hickerson Phelps Kirtley & Associates, Inc. (Hickerson Phelps) alleging two counts of breach of contract. For Count I, Venable alleged Hickerson Phelps breached a two-year employment contract; for Count II, Venable claimed Hickerson Phelps breached a separate contract to pay him a bonus. The trial court granted Hickerson Phelps' motion to dismiss, and Venable appeals. We affirm in part and reverse in part.

According to the petition and briefs on appeal, prior to February 15, 1993, Venable was a full time employee of Bernstein–Rein Advertising, .Inc. with full benefits including participation in its 401–k program. In the

months before February 15, 1993, the chairman of Hickerson Phelps, Ken Hickerson, contacted Venable on several occasions suggesting that Venable consider employment with Hickerson Phelps. Initially, Venable advised Ken Hickerson that he was content with his current position and wanted to work there two more years until retiring at age 63.

Following subsequent conversations, however, Venable began working for Hickerson Phelps on or about February 15, 1993, and on that date he met with Ken Hickerson to discuss the terms of his employment. Venable requested that the terms be put in writing, and during the course of the conversation, Ken Hickerson jotted down certain handwritten notes onto a note pad monogrammed with the Hickerson Phelps logo. Ken Hickerson then had the note placed in Venable's personnel file. Although the note was never provided to Venable prior to the initiation of his suit against Hickerson Phelps, it now provides the basis of Venable's claimed breach of employment contract. For this reason, we set forth the entire contents of the handwritten note:

[Hickerson Phelps company logo]
2 yrs—wants to retire[1]
$400/mo \times 48,000 + 6 = 54$
Medical
500/mo Indian Hills

| 2,500 | 3,000 | 3,500 | 4,000 |
|-------|-------|-------|-------|
| 3 | 6 | 9 | 12 |
| 90 | 180 | 270 | 360 |

| 7,500 | 9,000 | 10,500 | 12,000 |
|-------|-------|--------|--------|

+ Indian Hills
9,000
+ 6          9,000

45,000          less
New biz—next tier

Venable claims that he relied on this two-year employment "contract" and therefore resigned his position with Bernstein–Rein in order to work for Hickerson Phelps.

Venable also claims that, prior to reaching the employment agreement set forth above, the parties had separately agreed that Hickerson Phelps would pay him a bonus between $10,000 and $30,000 if he successfully arranged the merger of David Henderson's public relations consulting business into Hickerson Phelps.

Venable was discharged effective September 15, 1993. The discharge came after seven months of employment and after the successful merger of the Hickerson Phelps and Henderson businesses.

On November 12, 1993, Venable filed his petition alleging the two counts of breach of contract. As noted above, Count I alleged breach of a two-year contract of employment. It also suggested that Hickerson Phelps should be estopped from denying the existence of a contract of employment. Count II alleged breach of a separate promise to pay Venable a bonus if he successfully arranged the merger between Hickerson Phelps and the Henderson business.

On December 23, 1993, Hickerson Phelps responded by filing its "Motion to Dismiss" on the ground that Venable failed to state a claim upon which relief may be granted. On January 13, 1994, the trial court granted Venable an extension of time in which to reply so that he could take the depositions of Hickerson Phelps' principals. Venable then filed his "Memorandum in Opposition to Defendant's Motion to Dismiss" on March 7, 1994. A hearing was held on the motion to dismiss on June 16, 1994, and the motion was sustained. Venable alleges three points on appeal. He argues in Point I that his petition does, in fact, state a claim for relief in that the monogrammed logo on the note pad constitutes the signature of Hickerson Phelps. In Point II, he alternatively argues that the contract should be enforced through the doctrine of promissory estoppel, and in Point III, he contends that his petition alleges facts sufficient to support a claim for breach of a separate agreement by Hickerson Phelps to pay him a bonus.

---

1. The parties dispute the interpretation to be made of this line of the handwritten notes. Hickerson Phelps claims this line was added only because Venable had stated that he wanted to retire in two years while Venable contends the line provides the duration of the employment contract. It should be noted that the phrase "—wants to retire" was not contained in the photocopy version of the notes attached to Venable's petition. It is contained in the original version of the notes filed as an exhibit on appeal.

Venable argues in Point I that the trial court erred in granting the motion to dismiss because his petition states a claim in Count I for breach of an employment contract. Venable contends the court attempted to weigh the facts alleged to make a determination of their credibility and persuasiveness instead of assuming the truth of all his properly pleaded facts.

■ As Venable correctly notes, the only issue on appeal of a motion to dismiss which has been sustained by the trial court is whether the appellant has stated a claim for relief and is entitled to a trial on the merits. *Y.G. & L.G. v. Jewish Hosp. of St. Louis*, 795 S.W.2d 488, 494 (Mo.App.1990). On review, all of the appellant's properly pleaded facts are assumed to be true and the appellant is liberally granted all reasonable inferences to be drawn from the stated facts. *Murphy v. A.A. Mathews*, 841 S.W.2d 671, 672 (Mo. banc 1992). "A motion to dismiss for failure to state a cause of action is solely a test of the adequacy of the plaintiff's petition." *Nazeri v. Missouri Valley College*, 860 S.W.2d 303, 306 (Mo. banc 1993). A petition will withstand a motion to dismiss for failure to state a claim if it sets forth substantive principles of law which entitle the plaintiff to relief and alleges facts which inform the defendant of what the plaintiff will attempt to prove at trial. *Ritterbusch v. Holt*, 789 S.W.2d 491, 493 (Mo. banc 1990).

■ Hickerson Phelps does not dispute the above-stated standard of review but reminds us that mere conclusions unsupported by factual allegations are to be disregarded in determining whether a petition states a claim upon which relief can be granted. *Johnston v. Norrell Health Care, Inc.*, 835 S.W.2d 565, 567 (Mo.App.1992). Respondent contends that Venable fails to state a claim because his Count I is barred by the Missouri statute of frauds in that the "contract" is not to be performed within one year of its making and is unsigned.

Pursuant to Missouri's statute of frauds, § 432.010, RSMo.1994, a contract which cannot be fully performed within one year from its making must: (1) be in writing, and (2) be signed by the party to be charged.[2] Venable insists that the handwritten memorandum satisfies the statute in that the company logo printed at the top of the note qualifies as the signature of Hickerson Phelps. In support, he cites *Dinuba Farmers' Union Packing Co. v. J.M. Anderson Grocer Co.*, 193 Mo. App. 236, 182 S.W. 1036 (1916).

■ The *Dinuba* case indeed holds that the signature of the party to be charged under the statute of frauds is not confined to the actual subscription of his name. *Dinuba*, 182 S.W. at 1039. Rather, the name of the party to be charged may be either in writing or in print, or by stamp upon the memorandum. *Id*. However, *Dinuba* involved a breach of contract for the sale of commercial goods, not an employment contract. Section 1–201 of the U.C.C. has codified the rule that a company's letterhead can qualify as a signature for purposes of the statute of frauds *in the context of the sale of goods*. Section 400.1–201, RSMo.1994. We, however, decline to extend this rule to employment contracts under the facts of the instant case.

The parties have not cited, and our independent research fails to reveal, any Missouri case holding that an employer's letterhead on a document or logo on a note pad can qualify as a signature to an employment contract under the Missouri statute of frauds. Instead, several factually similar cases have denied enforcement of oral promises of employment supported by a written memorandum otherwise failing to meet all the requirements of the statute of frauds. *McCoy v. Spelman Memorial Hosp.*, 845 S.W.2d 727, 730 (Mo.App.1993) (letter did not contain all essential terms of contract); *Sales Serv., Inc. v. Daewoo Int'l (Am.) Corp.*, 770 S.W.2d 453, 456 (Mo.App.1989) (letter was not signed by the party to be charged); *Mayer v. King Cola Mid–Am., Inc.*, 660

---

**2.** Section 432.010, RSMo.1994, provides in relevant part:

No action shall be brought ... upon any agreement that is not to be performed within one year from the making thereof, unless the agreement upon which the action shall be brought, or some memorandum or note thereof, shall be in writing and signed by the party to be charged therewith, or some other person by him thereto lawfully authorized.

S.W.2d 746, 748–49 (Mo.App.1983) (the several documents submitted by the employee did not contain all essential terms, including signature of the party to be charged).

The *Mayer* case is particularly compelling under the facts of the instant appeal. In *Mayer*, the plaintiff-employee met with a representative of the defendant-employer and discussed a three-year employment contract and the anticipated salary. The employee agreed to work for the employer and moved from Tennessee to St. Louis. In accordance with the negotiations, he awaited a written contract, but no written agreement was ever executed. *Mayer*, 660 S.W.2d at 748. The employee was subsequently discharged and attempted to prove the existence of a written contract by relying on several documents. In fact, one document introduced by the employee was a formal but unsigned contract prepared by the employer's lawyer. However, none of the other documents referred to the unsigned formal contract, and the court therefore held there was no employment agreement. *Id.* at 749.

In *McCoy, supra*, the plaintiff-employee interviewed with the defendant-employer's board of directors and understood that a written offer of employment would follow. The employee stated that the board asked him for a three to five year commitment, but the written and signed letter later received by the employee did not indicate a specific duration of employment. The employee accepted the offer but was discharged less than a year later. This court held that the signed letter written by the employer did not memorialize an agreement but merely confirmed the terms of an offer. *McCoy*, 845 S.W.2d at 730. Although signed by the party to be charged, the letter did not bind the employer to a three- or five-year employment term because it merely confirmed an offer rather than memorializing an agreement. *Id.*

In short, an oral agreement for employment in excess of one year violates the Missouri statute of frauds. Section 432.010, RSMo.1994; *Morsinkhoff v. De Luxe Laundry & Dry Cleaning Co.*, 344 S.W.2d 639, 642 (Mo.App.1961). Moreover, a written memorandum that allegedly memorializes the terms of an oral agreement will not suffice unless it contains all the essential terms of a contract, including the signature of the party to be charged. *Sales Serv.*, 770 S.W.2d at 456; *Mayer*, 660 S.W.2d at 748.

In the case at bar, Venable relies on one document to prove the existence of his two-year employment contract. That document consists of handwritten notes upon a 5½″ × 8½″ piece of paper with the employer logo printed at the top. We hold that Hickerson Phelps' company logo is not a valid signature under the circumstances of this case.

Upon the facts here presented, we decline to extend the rule of § 400.1–201, applicable to the commercial sale of goods, to the area of employment contracts. Although the note was placed in Venable's personnel file, his name does not appear anywhere on the document. Moreover, Venable was never provided with a copy of the note, Ken Hickerson stated that he did not intend the company logo printed at the top of the note to serve as a signature validating the alleged contract, and the note was not dated.

Point I is denied.

In Point II, Venable argues the trial court erred in dismissing his petition because Count I alleges facts sufficient to enforce the two-year employment contract through the doctrine of promissory estoppel. Venable again suggests the trial court incorrectly attempted to weigh the facts alleged for their credibility or persuasiveness. He urges us to reverse and remand for a trial on the merits. We, however, decline to do so.

Promissory estoppel requires (1) a promise, (2) on which a party relies to his detriment, (3) in a way the promisor expected or should have expected, and (4) resulting in an injustice which only enforcement of the promise could cure. *McCoy*, 845 S.W.2d at 730. One's mere expectation of a certain term of employment does not constitute a promise, *id.*, and in Missouri the doctrine of promissory estoppel cannot remove oral employment contracts from the statute of frauds. *Fields v. R.S.C.D.B., Inc.*, 865 S.W.2d 877, 878 (Mo.App.1993); *McCoy*, 845 S.W.2d at 730; *Sales Serv.*, 770 S.W.2d at 457; *Mayer*, 660 S.W.2d at 749–50; *Mor-*

*sinkhoff,* 344 S.W.2d at 644. To do so would effectively nullify the statute of frauds. *Morsinkhoff,* 344 S.W.2d at 644.

In any event, this is not a proper case for application of the doctrine of promissory estoppel. In the absence of a signed writing, Venable merely had a personal expectation of two years of employment, not a promise. Thus, he lacks the first required element. *See McCoy,* 845 S.W.2d at 730.

Point II is denied.

Venable asserts in Point III that the trial court erred in sustaining Hickerson Phelps' motion to dismiss his Count II because it states a claim for breach of contract to pay him a bonus separate and apart from the employment contract alleged in Count I. Venable alleges that Hickerson Phelps promised to pay him a bonus for arranging the merger between it and the Henderson business. He claims this oral agreement was entered into prior to the creation of the handwritten note discussed in Points I and II. According to Venable, the best evidence that the merger agreement and the employment agreement are separate contracts comes from the handwritten note which does not discuss payment for the arrangement of the merger.

▪ To state a claim for breach of contract, a plaintiff must allege (1) the existence of a contract or agreement and the terms of that agreement; (2) that plaintiff performed or tendered performance; (3) that defendant did not perform; and (4) that defendant's failure to perform caused plaintiff damage. *Moravac v. Dave Littleton Ford, Inc.,* 838 S.W.2d 151, 153 (Mo.App.1992). Count II of Venable's petition sufficiently alleges each required element.

▪ In paragraph 23 of Count II, Venable alleges that he and Hickerson Phelps agreed that Hickerson Phelps would pay him a bonus between $10,000 and $30,000 for arranging the merger. In paragraph 24, Venable alleges that he performed his part of the contract by successfully arranging for the merger. He notes that the merged business is now known as "Henderson/HPK Inc." Venable further avers in paragraph 25 that Hickerson Phelps failed to perform its part of the contract by failing to pay him the agreed upon bonus following the merger. He then incorporates by reference the damages alleged in paragraph 18 of Count I.

We must assume the truth of all properly pleaded facts and liberally grant all reasonable inferences to be drawn therefrom. *Murphy,* 841 S.W.2d at 672. Thus, while Venable fails to allege facts sufficient to remove the employment contract from the statute of frauds, we cannot state the same with regard to the merger agreement alleged in Count II. *See Mayer,* 660 S.W.2d at 748.

Much like Venable in the instant action, the plaintiff in *Mayer, supra,* alleged two counts of breach of contract. Count I alleged breach of an oral three-year employment contract allegedly evidenced by various writings, and Count II prayed for recovery of moving expenses as separately promised. The defendant's motion for a directed verdict at the close of all the evidence was sustained as to Count I of the petition while the plaintiff recovered judgment for the moving expenses as prayed for in his Count II. The court of appeals affirmed. *Id.* at 747.

The trial court's order dismissing Count I of Venable's petition is therefore affirmed. However, the trial court's order sustaining Hickerson Phelps' motion to dismiss as to Venable's Count II is reversed and the cause is remanded for further proceedings.

All concur.