(75 Misc. Rep. 1.)

SPAUS v. STOLWEIN.

(Supreme Court, Special Term, New York County. December, 1911.)

1. REPLEVIN (§ 12*)—WHEN ALLOWED.

A counterclaim for damages is not a defense to replevin for the recovery of specific chattels.

[Ed. Note.—For other cases, see Replevin, Cent. Dig. §§ 98–110; Dec. Dig. § 12.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

2. **SALES (§ 479\*)—CONDITIONAL SALES—ACTION FOR PRICE—ANSWER—DE-MURRER.**

In replevin by the seller of a machine under contract of conditional sale, to recover it for failure to pay installments of the price, an answer that it was not constructed according to contract, that defendants had been subjected to a daily loss in operating it and had been damaged by delay in delivery, and that its value was less than the purchase price agreed to be paid, but not alleging payment of any of the installments of the price, is demurrable for insufficiency.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 1418–1439; Dec. Dig. § 479.\*]

3. **SALES (§ 479\*)—DEFENSES—BREACH OF WARRANTY.**

Where title to a machine conditionally sold did not vest until payment, and no such payment was shown, a warranty, on the breach of which defendant relied to sustain a claim for damages, was an incident of a completed sale, and not a sufficient plea to justify its retention by the defendant in an action by the seller to recover the same.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 1418–1438; Dec. Dig. § 479.\*]

Action by John N. Spaus against Max Stolwein. Demurrer to answer sustained.

John J. Schwartz, for plaintiff.
S. N. Tuckman, for defendant.

GREENBAUM, J. [1] Plaintiff's action is in replevin. The separate defense and counterclaim are pleaded together. As a counterclaim the demurrer thereto must be sustained, for the reason that it in no way tends "to diminish or defeat the plaintiff's recovery." Replevin is a possessory action, and a counterclaim for damages can neither diminish nor defeat a claim for the recovery of specific chattels. Treated as a complete defense, the facts alleged by the defendant must tend to defeat the title of plaintiff to the chattels involved or his right to their possession.

[2] The answer sets up the purchase of certain machinery, being the chattels sought to be replevined herein; that the said machinery was purchased under a written agreement with plaintiff's assignor, and was to be of certain dimensions and equipped in a specified manner; that the price therefor was to be $2,400, to be paid in installments at certain times; and that "the title of the said machine shall remain in the name of the party of the first part [plaintiff's assignor] until said mentioned purchase price is paid therefor." It is not alleged that defendants have paid said installments or any of them; but it is averred that the machine was not constructed in accordance with the provisions of the contract, that the defendants have been subjected to a daily loss in operating said machine and to certain expenses in installing it; that they have incurred damages by reason of the delay in the delivery of the machine, and that the value of the machine delivered is $1,300 less than the price contracted for.

[3] Title to the machine did not vest in defendants until they paid for it, and as the warranty, the breach of which defendants apparently rely upon to sustain the principal items of damage, may be treated

only as an incident of a completed sale, there is no sufficient plea to justify its retention by defendants. Osborn v. Gantz, 60 N. Y. 540. No lien upon the machine is asserted, and no appropriate allegations may be found upon which to predicate the right to a lien. I am of opinion that the defense alleged is insufficient in law, and that the demurrer must be sustained.

Demurrer sustained, with costs, with leave to defendant to answer upon the payment of costs.