**ELZINGA & VOLKERS, INC. and Lakin Construction Company, Inc., Plaintiff,**

**and**

**Tower & Tank Corporation, Plaintiff-Intervenor,**

**v.**

**FEDERATED ELECTRIC COOPERATIVE INC. et al., Defendants.**

No. S77–57C.

United States District Court,
E. D. Missouri,
Southeastern Division.

July 16, 1979.

John L. Oliver, Jr., Oliver, Oliver & Jones, P.C., Cape Girardeau, Mo., for plaintiff.

Larry B. Luber, St. Louis, Mo., for defendants.

MEMORANDUM

WANGELIN, District Judge.

This matter is before the Court upon defendant Blount Brothers Corporation's motion to dismiss plaintiff's complaint. By order of this Court entered May 8, 1979, the motion was treated as a motion for summary judgment, allowing the parties to file supporting or opposing materials.

Nothing has been filed with the Court which would indicate any genuine issue of fact regarding plaintiff's failure to register as a foreign or domestic corporation and failure to register under the Fictitious Name Act.

Section 351.570 RSMo (1975 Supp.) provides in pertinent part:

> No foreign corporation shall have the right to transact business in this state including business on any federal or state owned property in this state until it shall have procured a certificate of authority so to do from the secretary of state . .

Section 351.635 RSMo (1975 Supp.) provides in part:

> [N]o foreign corporation, failing to comply with this chapter, can maintain any suit or action, either legal or equitable, in any of the courts of this state,

---

upon any demand, whether arising out of the contract or tort, while the requirements of this chapter have not been complied with.

Clearly, this is a substantive, outcome determinative rule of Missouri state law which must be applied by a federal court having subject matter jurisdiction by virtue of 28 U.S.C. § 1332. *Erie R. Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938); *Ragan v. Merchants Transfer & Warehouse Co.*, 337 U.S. 530, 69 S.Ct. 1233, 93 L.Ed. 1520 (1949).

Defendant Blount Brothers Corporation's motion for summary judgment must be granted.