480 F.Supp. 663 (1979)
AMERICAN TRAILERS, INC., an Oklahoma Corporation, Plaintiff,
v.
Don CURRY, Individually and doing business as Curry Trailer & Equipment Co.; Curry Trailer and Equipment Company, a Missouri Corporation; Bank of New Madrid, a Missouri Banking Corporation; Bank of Sikeston, a Missouri Banking Corporation; and Bill Glover, Individually, Defendants.
No. S78-0078C.
United States District Court, E. D. Missouri, Southeastern Division.
November 9, 1979.
On Motion to Vacate Order of Dismissal November 28, 1979.
P. Terence Crebs, Gallop, Johnson, Godiner, Morganstern & Crebs, Clayton, Mo., for plaintiff.
James E. Reeves, Ward & Reeves, Caruthersville, Mo., James M. Hux, Hux & Green, Sikeston, Mo., Lawrence H. Rost, New Madrid, Mo., James D. Sickal, Blanton, Rice, Sickal, Gilmore & Winchester, Sikeston, Mo., for defendants.

*664 MEMORANDUM
MEREDITH, District Judge.
This matter is before the Court on the motions to dismiss plaintiff's complaint filed by defendants Bill Glover and Bank of New Madrid. For the reasons stated below, defendants' motions will be granted.
Plaintiff instituted the instant action on August 9, 1979, seeking inter alia, an accounting from defendants in respect to an unsatisfied judgment it holds. Plaintiff obtained a default judgment on April 14, 1975, in the United States District Court for the Eastern District of Oklahoma against Don Curry d/b/a Curry Trailer & Equipment Company, which judgment was registered in this Court as S 75 Misc. 1.
On November 7, 1979, defendant Bill Glover filed his amended motion to dismiss plaintiff's complaint, alleging inter alia that plaintiff is barred from bringing suit in the courts of this state under §§ 351.570 and 351.635, R.S.Mo. (1969). On November 8, 1979, defendant Bank of New Madrid filed its motion to dismiss plaintiff's complaint, alleging the same statutory bar to plaintiff's suit as alleged by defendant Glover.
Section 351.570, R.S.Mo. (1969), provides in pertinent part:
"No foreign corporation shall have the right to transact business in this state . . . until it shall have procured a certificate of authority so to do from the secretary of state."
Section 351.635, R.S.Mo. (1969), provides in pertinent part:
"[N]o foreign corporation, failing to comply with this chapter, can maintain any suit or action, in any of the courts of this state, upon any demand, whether arising out of the contract or tort, while the requirements of this chapter have not been complied with."
It is undisputed that American Trailers, Inc., is a foreign corporation to Missouri, duly organized and existing under the laws of the State of Oklahoma. It principal place of business is in Oklahoma City. However, in order for plaintiff to come under the purview of §§ 351.570 and 351.635, R.S.Mo. (1969), it must be found that plaintiff was "transacting business" in Missouri.
In determining whether a foreign corporation is doing business in Missouri, each case is to be decided in light of its own peculiar factual situation. However, it can be said with certainty that in order to be required to register under the statutes, it is necessary that a foreign corporation transact a substantial part of its ordinary business in the state. Filmmakers Releasing Organization v. Realart Pictures, 374 S.W.2d 535 (Mo.App.1964).
Further, in Western Outdoor Advertising v. Berbiglia, Inc., 263 S.W.2d 205 (Mo.App. 1953), it was stated that
"A determinative factor of whether the business [of a foreign corporation] was intrastate in nature was the question of continued dealing by the foreign corporation with the property after interstate commerce had wholly ceased, and whether that continued dealing was an isolated transaction or a continuing form of the business of the foreign corporation."
The distributorship agreement executed between American Trailer, Inc., and Don Curry, plaintiff's distributor in Missouri, makes it clear that plaintiff was in fact "transacting business" in the state of Missouri. That agreement, dated January 23, 1973, called for substantial involvement by plaintiff with its goods after they were shipped to Missouri, or in other words, continued dealing after interstate commerce had wholly ceased. Plaintiff maintained a security interest in the inventory after it was shipped to Curry and retained general control over the terms of sale of its trailers. The agreement called for plaintiff to supply parts and engage in advertising and for defendant to procure a building, service facilities, offices, and other normal attributes of an aggressive distributor seeking to return a profit on its ordinary business transactions. Clearly, the agreement did not contemplate mere isolated business activity. The Court finds that plaintiff American Trailer, Inc., was transacting a substantial *665 part of its ordinary business in the state of Missouri.
As such, plaintiff had an affirmative duty to comply with the registration provisions of §§ 351.570 and 351.635, R.S.Mo. (1969). The affidavit filed by the Secretary of State in this action establishes that plaintiff did not register with the state nor did it obtain a certificate as required under the statute.
The registration statutes involved in this case are substantive law of Missouri and as they are outcome determinative in this matter, the federal courts are bound to apply them. Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938); Elzinga & Volkers, Inc. and Lakin Construction Co., Inc. and Tower & Tank Corporation v. Federated Electric Cooperative, Inc., et al., 475 F.Supp. 861 (E.D.Mo., 1979).
Accordingly, under the state law of Missouri, plaintiff is unable to maintain its action and this cause must be dismissed. Therefore, defendants' motions to dismiss are granted.
Further, plaintiff's motion for sanctions filed in this action is denied as moot.

ON MOTION TO VACATE ORDER OF DISMISSAL
This matter is before the Court on plaintiff's motion to vacate and set aside this Court's order of dismissal issued on November 9, 1979. For the reasons stated below, plaintiff's motion is denied.
The Court's order of November 9, 1979, dismissed plaintiff's complaint for failure to comply with Sections 351.570 and 351.635, R.S.Mo. (1969). Under these statutes a foreign corporation found to be "doing business" in this state without having procured a certificate of registration with the Secretary of State is not permitted to file suit in the state's courts. This Court found that after consideration of all the facts in the record, plaintiff was "doing business" in this state through its distributor, defendant Curry. As such, plaintiff's failure to register as a foreign corporation mandated dismissal of this suit because Missouri law precludes the use of its courts by plaintiff.
Plaintiff opposes the Court's order because, in its view, it was not "doing business" in the state within the meaning of Section 351.570, R.S.Mo. (1969). It bases this contention on two points. First, the terms of the distributorship agreement do not amount to "doing business" of a foreign corporation in the state, and second, the security interest held by plaintiff in defendant Curry's inventory is exempted from consideration of those activities which constitute "doing business" in Missouri under the terms of 351.570, R.S.Mo. (1969).
It is clear, under the statute, that consideration of the security interest alone is not a determinative factor which the Court may use in finding that plaintiff was doing business in Missouri as an unregistered foreign corporation. This was not the basis of the Court's order on November 9, 1979. That order was issued after consideration of the entire record in this case, with particular emphasis on the distributorship agreement between plaintiff and defendant Curry.
A finding of what constitutes "doing business" in the state is to be determined on the facts in each individual case. Filmmakers Releasing Organization v. Realart Pictures, 374 S.W.2d 535 (Mo.App.1964). Thus, the cases interpreting Section 351.570 establish no clear pattern of what business activities establish "transacting business" in Missouri so as to require registration of a foreign corporation.
Two "tests" are recurrent throughout the case law in determining if a foreign corporation is "doing business" in Missouri when that foreign corporation enters into a distributorship agreement with a Missouri distributor. First, the courts have looked to the degree of interference the corporation exerts over the local distributor so as to show that the distributor is carrying on the business of the corporation. Superior Concrete Accessories v. Kemper, 284 S.W.2d 482 (Mo.1955). The second test is whether a foreign corporation continues to deal substantially with the goods involved under the distributorship agreement after they have reached the distributor and thus left interstate *666 commerce. Western Outdoor Advertising v. Berbiglia, Inc., 263 S.W.2d 205 (Mo.App.1953).
The distributorship agreement between plaintiff and defendant Curry provided for a substantial amount of corporation control over Curry and his inventory well after those goods had left the stream of interstate commerce. The plaintiff controlled the price at which its products were sold as well as the manner in which the goods were displayed, advertised, serviced, and stored. (See Distributorship Agreement, paragraphs 12-19.) Extensive supervision over defendant Curry was effected by periodic performance reviews undertaken by plaintiff's representatives, who in fact traveled Missouri on at least two separate occasions. The representatives were authorized to make inspections of all financial records and physical structures at defendant Curry's business. Noncompliance with the terms of the distributorship agreement carried the possibility of distributorship termination. Thus, plaintiff had significant control over defendant Curry's business subsequent to the interstate aspects of the relationship. This control is independent of the security agreement executed between the parties and subsequent to the goods leaving interstate commerce.
The cases cited in plaintiff's motion in opposition to the finding that plaintiff was doing business in Missouri are distinguishable. In the 1955 case of Superior Concrete Accessories v. Kemper, supra, and Republic Steel Corp. v. Atlas Housewrecking and Lumber Corp., 232 Mo.App. 791, 113 S.W.2d 155 (1938), the foreign corporation in each case maintained its goods out of state and shipped them to customers directly, or to its distributor on the basis of individual orders. The local distributor was a commission agent and, under the circumstances of those cases, operated independently of the corporation for purposes of Section 351.570.
Contrary to plaintiff's assertions in this case, the distributorship agreement herein calls for more than the delivery of trailers and promotional materials and the enforcement of a security interest. The 21 page agreement exerts sufficient control over defendant Curry to show that he was transacting the business of a foreign corporation in the state of Missouri.
Accordingly, the motion of plaintiff to vacate this Court's order of dismissal in this matter is denied.