621 F.2d 918
 AMERICAN TRAILERS, INC., an Oklahoma Corporation, Appellant,
v.
Don CURRY, Individually and d/b/a Curry Trailer & Equipment
Co., Curry Trailer and Equipment Company, a Missouri
Corporation, Bank of New Madrid, a Missouri Banking
Corporation, Bank of Sikeston, a Missouri Banking
Corporation, and Bill Glover, Individually, Appellees.
 No. 79-2048.
 United States Court of Appeals,
Eighth Circuit.
 Submitted April 16, 1980.
Decided May 15, 1980.
 
 P. Terence Crebs and Gregory J. Christoffel, St. Louis, Mo., on brief, for appellant.
 Lawrence H. Rost, New Madrid, Mo., on brief, for appellee, Bank of New Madrid.
 James D. Sickal, Sikeston, Mo., on brief, for appellee, Glover.
 Before HEANEY and ARNOLD, Circuit Judges, and SACHS, District Judge.*
 SACHS, District Judge.
 This is an appeal from an order of the United States District Court for the Eastern District of Missouri granting motions to dismiss plaintiff's complaint. Federal jurisdiction arises from diversity of citizenship. Plaintiff, a foreign corporation, was held to be "transacting business" within the state of Missouri within the meaning of §§ 351.570 and 351.635, RSMo, and therefore lacking in capacity to maintain this suit within the state absent compliance with those sections, requiring procurement of a certificate of authority from the secretary of state. Plaintiff is an interstate seller of trailers and has sued a Missouri distributor, among other defendants.[1]
 What constitutes "transacting" or "doing" business in the statutory sense is a question to be determined on the facts in each case, and the "burden of proof is on the defendants to establish plaintiff was doing business in this state." Filmakers Releasing Organization v. Realart Pictures, 374 S.W.2d 535 (Mo.App.1964). To avoid interference with interstate commerce, the statute is construed to require more activity within the state than that which would fulfill the due process requirements for taxation or service of process. Id.
 The district court considered the alternate tests set forth in the Missouri cases of "degree of interference" with a local distributor and "substantial dealing" with property once it has come to rest within the state.[2] The factors which led the court to conclude that plaintiff met these tests and was barred from suit were, inter alia, (1) maintenance of a security interest in the inventory after it was received by the distributor within the state (although the court recognized that this alone could not be a determining factor); (2) contractual authority to control terms and price of sale and manner of display, servicing and storage; (3) plaintiff's agreement to advertise the products to be distributed; and (4) authorization in the distributorship agreement for plaintiff to conduct periodic performance reviews and to inspect financial records and the physical structure of the distributor's premises. Defendant distributor was required by the agreement to procure and maintain a building and service facilities, to determine its own personnel needs, hiring and firing, and to provide warranty service, among other obligations.
 Missouri case law which is factually analogous to the instant case dictates that the ruling of the district court be reversed. In Republic Steel Corp. v. Atlas Housewrecking & Lumber Corp., 232 Mo.App. 791, 113 S.W.2d 155 (1938), plaintiff was held not to be "transacting business" within the state when it shipped materials to the Missouri distributor, controlled the minimum price at which materials could be sold, and otherwise "had considerable control over the method of sale of the goods." Plaintiff there was also granted access to defendant's records of materials belonging to plaintiff and inventory of stock. Defendant was to render to plaintiff a monthly statement of sales; the materials remained the property of plaintiff until sold; "title to proceeds of such sales was to vest in and belong to the plaintiff until accounted for by the defendant"; and defendant was to accept material shipped to it and arrange for storage at its expense. Not even the fact that plaintiff maintained a district sales office in St. Louis and a sales representative in Kansas City, where defendant was located, altered the conclusion of the Missouri court that plaintiff's actions were interstate in nature and outside the statute.
 Other Missouri cases which indicate that plaintiff in the instant case would not be considered "transacting business" in Missouri, under applicable local law, are Superior Concrete Accessories v. Kemper, 284 S.W.2d 482 (Mo.1955) (plaintiff shipped goods to defendant to sell from stock and to customers of defendant directly, provided defendant with literature to distribute to customers, did not itself maintain a warehouse or store products within the state, and had no employees within the state), and Filmakers Releasing Organization v. Realart Pictures, supra, (plaintiff produced and distributed motion pictures which it owned and retained title to, and Missouri defendants arranged, as plaintiff's agents and in plaintiff's name, for exhibitors to lease the motion pictures from plaintiff, but defendants made all their own personnel decisions, contacted the Missouri exhibitors, and possessed interests and obligations in the franchise agreement which were personal and nontransferable).
 Those cases which have found a plaintiff "transacting business" in Missouri, under the applicable statute, required more than a restrictive contract with a local distributor within the state, shipment of goods to that party, and solicitation of orders from parties within the state. E. g., Western Outdoor Advertising v. Berbiglia, Inc., 263 S.W.2d 205 (Mo.App.1953) (plaintiff owned billboards which it erected, maintained and repaired within the state, using agents who could not be considered independent contractors, and also solicited customers locally for display advertising).
 As we read the distinction between Republic Steel and Western Outdoor Advertising, the Missouri courts will treat a Missouri distributor as the responsible entity doing intrastate business and will treat the foreign supplier as a bona fide interstate business not requiring local authority to do business within the state if the Missouri distributor is not the alter ego or "servant" of the foreign supplier, but has a bona fide independent status and operation.[3] The issue in such a case, as correctly stated by the district court, is whether the distributor is a "commission agent" operating independently or is simply "carrying on the business" of the supplier, so that the supplier is "doing business . . . through its distributor." 480 F.Supp. at 664-5.
 In the present case, while the lengthy distributorship agreement between the parties gives detailed protection for the supplier's interests, it does not tend to reduce the separation between the distributor and the supplier to a fiction, so that the independent operations of the distributor would be disregarded by the Missouri courts. Defendants have failed to establish that plaintiff was itself the party conducting a local business in Missouri, as was established by the record in Western Outdoor Advertising.
 After review of the facts and the pertinent Missouri authorities we are convinced that the district court erred in failing to observe the very close factual comparison between this case and Republic Steel, supra, and in failing to follow the teaching of that decision, which is not inconsistent with subsequent law.
 Reversed and remanded.
 
 
 
 *
 The Honorable Howard F. Sachs, United States District Judge for the Western District of Missouri, sitting by designation
 
 
 [1]
 The claim against the distributor is based on the registration in district court of a default judgment previously entered in district court in Oklahoma. Plaintiff contends that the Missouri statute cannot, under federal law (28 U.S.C. § 1963), close the federal courts to enforcement of the foreign judgment. In view of this Court's ruling as to the applicable Missouri law, and the joinder in this case of defendants not previously sued in Oklahoma, the Court need not deal with this "interesting interplay of federal and state statutes." See Stanford v. Utley, 341 F.2d 265, 266 (8th Cir. 1965)
 
 
 [2]
 The opinion below is reported at 480 F.Supp. 663 (E.D.Mo.1979)
 
 
 [3]
 The "interference" test referred to in Superior Concrete Accessories v. Kemper, supra, apparently requires such pervasive control of intrastate activities as to prevent the distributor from fairly concluding that "he was his own master." 284 S.W.2d at 487, 489