**STATE of Missouri, Plaintiff/Respondent,**

v.

**MURRAY'S, Defendant/Appellant.**

No. 54558.

Missouri Court of Appeals, Eastern District, Division Two.

March 28, 1989.

Margulis & Grant, P.C., Arthur S. Margulis & Richard J. Eisen, St. Louis, for defendant/appellant.

Stephen A. Moore, Asst. Circuit Atty., St. Louis, for plaintiff/respondent.

KAROHL, Judge.

The issue on appeal is whether defendant Murray's business activities were business transactions within Missouri so as to subject Murray's to the registration requirements of § 351.570.1 RSMo 1986. Murray's, a California corporation, appeals a $20,000 fine for failure to comply with §§ 351.570 and 351.635 RSMo 1986. The trial court entered judgment after finding Murray's transacted intrastate business in the State of Missouri without procuring a certificate of authority or registering with the state in violation of § 351.570.1 RSMo 1986. On appeal, Murray's contends it only engaged in interstate commerce, not intrastate commerce. The statute does not apply to interstate transactions. We find the evidence of Murray's business activities did not support a finding of intrastate transactions within Missouri so as to subject Murray's to the registration requirements of § 351.570 RSMo 1986. We reverse.

The review of this case has been hampered by the failure of the circuit attorney's office to participate in the appeal process. The circuit attorney's office did not file a brief, nor did it appear for oral arguments. Exhibits which it introduced at trial were not filed with this court until specifically requested; even then, not all exhibits were filed.

Chapter 351 provides in pertinent part: "No foreign corporation shall have the right to transact business in this state ... until it shall have procured a certificate of authority so to do from the secretary of state." § 351.570.1 RSMo 1986. Failure to procure a certificate may result in a fine as provided in § 351.635 RSMo 1986. Transacting any business in interstate commerce by a foreign corporation is not considered to be transaction of business in this state. § 351.570.2(9) RSMo 1986.

The record discloses proof of the following facts. Murray's concedes it is a California corporation incorporated on September 30, 1977, with its principal place of business in Los Angeles, California. Murray's business includes brokering tickets for major sporting events. It solicits ticket purchasers and buyers by nationwide advertising. Customers purchase tickets by telephone and pay for them by supplying charge card numbers with their order. Murray's accepts orders and payment from its offices in California. Murray's delivers the tickets to purchasers at the site of the event.

In October of 1987, Murray's placed an advertisement in the St. Louis Post Dispatch soliciting potential buyers and sellers of World Series tickets. The advertisement listed two phone numbers which were located in California. The third number listed in the advertisement was a St. Louis number followed by the word "buying." Ticket orders were placed with Murray's office in California via the California phone numbers.

Tickets were distributed to customers in St. Louis, which was the site of several games of Major League Baseball's 1987 World Series. Murray's leased an apartment for one month and opened a checking account in St. Louis.[1] While in St. Louis Murray's sold two tickets to Ms. McNamara, the leasing consultant of the apartment complex, and bought two tickets from a St. Louis city policeman. Except for proof of these two transactions, Murray's business in St. Louis consisted of distributing tickets to customers, the majority of whom were from outside Missouri and had

---

1. Section 351.570.2(3) exempts banking activity from the requirements of § 351.570 RSMo 1986.

purchased and paid for tickets by long distance telephone to California.

The trial court found that Murray's was a foreign corporation transacting business in Missouri without being registered to do business in the State of Missouri. It found Murray's to be in violation of § 351.570.1 RSMo 1986 and ordered Murray's to pay a $20,000 civil fine and costs pursuant to § 351.635 RSMo 1986.

Murray's claim of error is that the court erred in finding Murray's violated § 351.570 RSMo 1986 because the business conducted by Murray's was the transaction of business in interstate commerce which does not subject Murray's, a foreign corporation, to the registration requirements of § 351.570.1 RSMo 1986. We agree.

We review this application of statute under the standards set forth in *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). We will uphold the judgment of the trial court unless there is no substantial evidence to support it or unless it erroneously declared or applied the law. *Id.* at 32. We find that the trial court erroneously applied §§ 351.570 and 351.635 RSMo 1986 to Murray's.

The burden of proof was on the State of Missouri to establish that Murray's was doing business in this state. The state charged a violation of § 351.570.1 RSMo 1986 which by its terms does not apply to interstate transactions. The existence of prohibited intrastate transactions is an element of the complaint. Further, *see Superior Concrete Accessories v. Kemper*, 284 S.W.2d 482, 487 (Mo.1955); *Filmakers Releasing Organization v. Realart Pictures of St. Louis, Inc.*, 374 S.W.2d 535, 539 (Mo.App.1964).

There is no definitive definition of what constitutes "doing business" within Missouri so as to subject a foreign corporation to the registration requirements of § 351.570 RSMo 1986. A finding of what constitutes "doing business" in the state is to be determined on the facts in each individual case. *Filmakers Releasing Organization*, 374 S.W.2d at 540. Thus, the cases interpreting § 351.570.1 establish no clear pattern of what business activities

establish "transacting business" in Missouri so as to require registration of a foreign corporation. *American Trailers, Inc. v. Curry*, 480 F.Supp. 663, 665 (E.D. Mo.1979), *rev'd on other grounds*, 621 F.2d 918 (8th Cir.1980). "It is well-settled [however] that, in determining whether a particular movement of freight is interstate or intrastate ..., the intention existing at the time the movement starts governs and fixes the character of the shipment...." *Swift Textiles, Inc. v. Watkins Motor Lines, Inc.*, 799 F.2d 697, 699 (11th Cir. 1986), *cert. denied*, 480 U.S. 935, 107 S.Ct. 1577, 94 L.Ed.2d 768 (1987) (quoting *State of Texas v. Anderson, Clayton & Co.*, 92 F.2d 104, 107 (5th Cir.), *cert. denied*, 302 U.S. 747, 58 S.Ct. 265, 82 L.Ed. 578 (1937)).

The importation into one state from another is the indispensable element of interstate commerce. *Filmakers Releasing Organization*, 374 S.W.2d at 540. The usual dispute involving sale transactions develops when some part of an interstate sale occurs in the state. Where purchase, payment and delivery are done in Missouri the transactions are intrastate. Where all three elements are done outside the state, i.e., purchase and payment by telephone and delivery by mail, the transactions are purely interstate. With two exceptions the evidence supported only a finding all transactions involving Murray's were interstate sales with delivery intrastate. In such case the test is whether there exists: "continued dealing by the foreign corporation with the property after interstate commerce had wholly ceased, and whether that continued dealing [if any] was an isolated transaction or a continuing form of the business of the foreign corporation." *Western Outdoor Advertising Co. of Nebraska v. Berbiglia, Inc.*, 263 S.W.2d 205, 209 (Mo.App.1953).

■ Here, Murray's did not continue to deal with the tickets after the tickets were distributed to the purchasers in Missouri. The distribution of World Series tickets in Missouri was the final step in an interstate transaction where the first two steps in the sale of these tickets, ordering and payment, were made by telephone with Murray's in California. Because Murray's did

not continue to deal with the tickets after interstate commerce had wholly ceased, Murray's did not change the character of the transaction from interstate commerce to intrastate commerce. Therefore, in completing the interstate sales Murray's was not transacting business within Missouri so as to subject it to the registration requirements of § 351.570 RSMo 1986. An apartment was rented for one month only to complete the interstate sales. There is no evidence to support a finding of how long Murray's occupied the apartment. These sales were the only business activities of Murray's, with two exceptions.

■ It was stipulated that Murray's engaged in two transactions which were intrastate in nature. One transaction consisted of Murray's selling two tickets to Ms. McNamara, the leasing consultant of the apartment complex, for $40 each. The face value of these tickets was not proven. The other transaction consisted of Murray's buying two tickets for more than face value from a St. Louis city police officer. Neither of these two intrastate transactions, nor the combination thereof, were sufficient to subject Murray's, a foreign corporation, to the registration requirements of § 351.570.1 RSMo 1986 because they were isolated transactions.

Section 351.570.2(10) RSMo 1986 specifically provides that a foreign corporation shall not be required to register as provided in § 351.570.1 RSMo 1986 where the foreign corporation's business transaction consists of: "Conducting an isolated transaction completed within a period of thirty days and not in the course of *a number of repeated transactions of like nature.*" (Our emphasis). § 351.570.2(10) RSMo 1986.

In the instant case, the sale of two tickets for $40 each to Ms. McNamara was a "favored" sale to the leasing consultant. The evidence is insufficient to support a finding and the trial court did not find this to be a business transaction in the sense of a sale for economic gain or for profit. A sale of two tickets without profit was not a substantial part of Murray's ordinary business.

The purchase of tickets for above face value was a part of Murray's ordinary course of business. However, the purchase of two tickets above face value from the St. Louis city police officer was an isolated transaction. There is no evidence that Murray's purchased other tickets while in Missouri. This single transaction does not constitute a substantial part of Murray's ordinary business. *See Filmakers Releasing Organization,* 374 S.W.2d at 540. Murray's purchases a large number of tickets in its business. The purchase of the two tickets did not result in a profit sufficient to constitute a substantial part of Murray's ordinary business. Because Murray's did not transact a substantial part of its ordinary business in this state, the isolated purchase was insufficient to require registration.

The evidence would support a finding that Murray's performed one intrastate business transaction. It purchased two tickets above face value from a police officer. This was an isolated intrastate transaction because: (1) it was completed in a matter of minutes, not beyond the thirty day limit for such transactions in § 351.570.1 RSMo 1986; and, (2) it was not shown by evidence to be a purchase "in the course of a number of repeated transactions of like nature" as specified in § 351.570.2(10) RSMo 1986. Neither the interstate transactions nor the sale as a favor to the rental agent were intrastate business "transactions of like nature." There was no evidence of any previous or subsequent transactions by Murray's as intrastate transactions.

Accordingly, the court erred in applying the facts to § 351.570 RSMo 1986 and imposing a fine for failure of a foreign corporation to register in Missouri. On the facts, considered in a light most favorable to plaintiff state, the court erred as matter of law in applying the facts to the provisions of § 351.570 RSMo 1986. Murray's was not required to register as a foreign corporation to deliver tickets which were purchased interstate in Missouri. The single sale and the single isolated business purchase of tickets were insufficient to

subject Murray's to the provisions of fine for violation.

We reverse.

GRIMM, P.J., and GARY M. GAERTNER, J., concur.