QUESTECH, INC., Plaintiff,

v.

LITECO, AG, Defendant,

v.

QUESTECH, INC., QuesTech Model Company, William E. Bigler, Oscar E. Hayes, Jerome M. Raffel, Vincent L. Salvatori, Counterclaim Defendants.

Civ. A. No. 89–1510–A.

United States District Court,
E.D. Virginia,
Alexandria Division.

April 2, 1990.

Norman H. Singer, Keck Mahin & Cate, Washington, D.C., for plaintiff.

Bennett L. Stein, West, Stein, West & Smith, Newport News, Va., for defendant.

## MEMORANDUM OPINION

HILTON, District Judge.

This matter came before the court on motions to dismiss filed by plaintiff Ques-Tech, Inc. ("QuesTech"), counterclaim defendants Bigler, Hayes, Raffel, and Salvatori, and by counterclaim defendant Ques-Tech Model Company ("QMC").

Plaintiff QuesTech is seeking recovery of $311,000.00 for monies allegedly past due and owed by the defendant Liteco, AG ("Liteco") to QuesTech's subsidiary, Dynamic Engineering, Inc. ("DEI") (now named QuesTech Model Company). QMC's receivable was assigned and transferred to Ques-Tech for purposes of bringing this suit. Since 1972, DEI had been in the business of building sub-scale and full-scale hardware for the United States Department of Defense and the commercial aerospace industry. DEI's expertise, as it pertained to the rotor craft industry, was in the use of composite plastic materials for use in models and component parts.

Defendant Liteco is incorporated in Switzerland and is engaged in the development,

manufacture and marketing of a lightweight hydrogen peroxide powered helicopter. In 1987, Liteco contracted with DEI for the latter to provide design services and to fabricate rotor blades for the experimental Liteco helicopter. Such services included producing wind tunnel models and testing of fuselages, main rotor blades and hubs, control systems, tail rotor, fuel pump and tail drive systems and demonstration support. Liteco has no offices or facilities in Virginia. No officer, director, agent or employee of Liteco resides in Virginia. The company does not own any real or personal property permanently located in Virginia. Liteco also claims that it has negotiated service agreements with various suppliers in Virginia and has taken delivery thereunder. All work, pursuant to these contracts, was performed by employees of the service companies.

On May 23, 1988, Liteco issued a stop work order to DEI. On November 29, 1989, QuesTech filed this action to collect monies allegedly due under the contract for work and services allegedly performed for Liteco from March through June, 1988.

As grounds for its motion to dismiss the defendant's counterclaims, QuesTech contends that Liteco is transacting business in Virginia, but has not obtained a certificate of authority from the Commonwealth which would entitle Liteco to maintain the counterclaims. In Virginia, "[a] foreign corporation transacting business ... without a certificate of authority may not maintain a proceeding in any court in this Commonwealth until it obtains a certificate of authority." Va.Code § 13.1–758 (Repl.Vol. 1989).

This court must determine whether defendant Liteco is transacting business within Virginia such as would require the company to obtain a certificate of authority. Generally, the test for whether a corporation is transacting business differs depending on the purpose for which the term is to be used. Whether a corporation is transacting business will vary according to whether the court is making a determination for purposes of service of process, for purposes of taxation or for purposes of qualification under statutes regulating foreign corporations. *Continental Properties, Inc. v. Ullman Co.*, 436 F.Supp. 538, 540 (E.D.Va.1977) (quoting *Tignor v. L.G. Balfour & Co.*, 167 Va. 58, 62, 187 S.E. 468, 470 (1936)). The test for defining transacting business for one purpose is of little value as applied to transacting business for another purpose. *Id.*

■ A much stronger showing of in-state activities is required to find that a corporation is transacting business within the meaning of Virginia's corporate qualification statutes than is required to subject a foreign corporation to local taxation or service of process. *Continental Properties, Inc.*, 436 F.Supp. at 541; *Hitachi Sales Corp. v. Burl F. Long*, 9 Va.Cir. 473 (City of Roanoke Cir.1982). Generally, transacting business by a foreign corporation in Virginia "imports the transaction of its ordinary and customary business." *Continental Properties*, 436 F.Supp. at 542. Business transactions which are incidental to a company's ordinary business do not constitute transacting business within the meaning of the statute. *Id.* There must be significant contacts with the forum state in order for the court to make a finding that a foreign corporation is transacting business. *Hitachi Sales*, 9 Va.Cir. at 487. *See also, Oliver Promotions Ltd. v. Tams–Witmark Music Library, Inc.*, 535 F.Supp. 1224 (S.D.N.Y.1982) (contacts should be regular and continuous). A master-servant or a principal agent relationship should be established between the foreign corporation and the local dealer or distributor, or acts of the foreign corporation on their own must amount to transacting business. *Hitachi Sales*, 9 Va.Cir. at 487. *See also Thaxton v. Commonwealth*, 211 Va. 38, 175 S.E.2d 264 (1970).

■ In this case, the specific issue raised is whether section 13.1–758 of the Code of Virginia requires a foreign corporation which has merely ordered products or services from a Virginia supplier to qualify to do business in the Commonwealth.[1] While

---

1. Section 13.1–757 of the Code of Virginia pro-   vides a partial list of activities which do not

a few courts have interpreted Virginia's corporate qualification statute, no cases are reported which deal with the particular circumstances in this case. Courts which have considered situations where a foreign corporation is engaged in interstate commerce and has solicited orders for goods or has delivered products into a forum state to sell through independent in-state distributors have held that such in-state activity is insufficient to require the foreign corporation to qualify to do business. *American Trailers, Inc. v. Curry*, 621 F.2d 918 (8th Cir.1980); *Foxco Industries, Ltd. v. Fabric World, Inc.*, 595 F.2d 976 (5th Cir.1979); *Cement Asbestos Products, Co. v. Hartford Accident and Indemnity, Co.*, 592 F.2d 1144 (10th Cir.1979); *Rock–Ola Mfg. Corp. v. Wertz*, 249 F.2d 813 (4th Cir.1957); *United Merchants & Mfrs., Inc. v. David & Dash, Inc.*, 439 F.Supp. 1078 (D.Md. 1977); *Hitachi Sales Corp. v. Burl F. Long*, 9 Va.Cir. 473 (City of Roanoke Cir. 1982). *See also Loria & Wenhaus, Inc. v. H.R. Kaminsky & Sons, Inc.*, 495 F.Supp. 253 (S.D.N.Y.1980) (shipment of goods into forum state does not constitute doing business). Similarly, assembly, maintenance and repair of goods sold in a forum state does not amount to transacting business. *Delta Molded Products, Inc. v. Improved Machinery, Inc.*, 416 F.Supp. 938 (N.D.Ala. 1976), *aff'd*, 571 F.2d 957 (5th Cir.1978). In cases where foreign corporations have entered into a state seeking a source of supply, several courts have determined that such activity, by itself, is insufficient for a court to find that the foreign corporation is transacting business. *See e.g., Associates Capital Services, Corp. v. Loftin's Transfer & Storage Co., Inc.*, 554 F.2d 188 (5th Cir.1977) (purchase of chattel paper and taking of a security interest in property does not in itself constitute doing business); *Dickson v. Delhi Seed Co.*, 26 Ark.App. 83, 760 S.W.2d 382 (1988) (purchase of oats by foreign corporation insufficient to establish that buyer was doing business); *Panhandle Agri–Service, Inc. v. Becker*, 231 Kan. 291, 644 P.2d 413 (1982) (purchase of hay

by foreign corporation and sending of agents into state to receive delivery was not sufficient to constitute doing business where corporation's products were not delivered in state for sale).

The foregoing decisions suggest that merely ordering products or supplies in a forum state is not sufficient to find that a foreign corporation is transacting business necessitating procurement of a certificate of authority. As previously noted, the only activities that Liteco has undertaken in Virginia consist of seeking a source of supply for helicopter blades and negotiating service agreements with suppliers and taking delivery thereunder. Liteco has no offices or facilities in Virginia, and no officer, director or employee of Liteco resides in Virginia. Liteco owns no real or personal property in Virginia. Under such circumstances, merely entering into a contract for a source of supply in Virginia is not sufficient to establish that Liteco is transacting business in the Commonwealth.

For the foregoing reasons, plaintiff QuesTech's motion to dismiss the counterclaim on the grounds that Liteco failed to obtain a certificate of authority is hereby DENIED.

In addition, for reasons stated from the bench, Plaintiff's motion to dismiss the counterclaim for failure to state a claim upon which relief can be granted is DENIED. The motion to dismiss filed by counterclaim defendants Bigler, Hayes, Raffel, and Salvatori is GRANTED. Counterclaim defendant QuesTech Model Company's motion to dismiss is DENIED.

An appropriate Order shall issue.

constitute transacting business. The list in section 13.1–757 does not provide guidance for the issue involved here.