792 F.Supp. 659 (1992)
Ronald J. MERRIWEATHER, Plaintiff,
v.
Dan BRAUN, et al., Defendants.
No. 91-1960C(6).
United States District Court, E.D. Missouri, E.D.
June 3, 1992.
*660 Ronald J. Merriweather, Houston, Tex., William A. Shirley, Chesterfield, Mo., for plaintiff.
Timothy K. Kellett, Armstrong Teasdale Schlafly & Davis, St. Louis, Mo., for defendants.

MEMORANDUM
GUNN, District Judge.
This matter came before the Court on defendants Bill Koenig and the Ethyl Corporation's *661 (Ethyl) motion to dismiss or, in the alternative, for summary judgment. Plaintiff Ronald J. Merriweather, a former Process Engineer and Unit Supervisor for Ethyl, initiated this action in the Circuit Court of the City of St. Louis, Missouri.[1] Defendants Koenig and Ethyl removed the action to this Court, relying on diversity of citizenship and amount in controversy. See 28 U.S.C. § 1332. Merriweather is a citizen of Texas. Ethyl is a corporation incorporated under the laws of Delaware with its principal place of business in Virginia. Koenig, the Employee Relations Manager for defendant Ethyl, is a citizen of Missouri. Merriweather has at no time served the remaining named defendants, Dan Braun and Stuart Smith, Ethyl employees.
Merriweather's first count asserts that Ethyl breached a contract to reimburse him for his entire law school tuition and instead only reimbursed a portion of his costs. In Count II, Merriweather alleges that the individual defendants conspired to deny his request for reimbursement. Merriweather seeks $26,000 in compensatory damages and $260,000 in punitive damages.
As a preliminary matter, the Court must address whether this action is properly before it. Defendants may remove an action from state to federal court when it appears from the initial pleading that the federal court has jurisdiction. See 28 U.S.C. § 1441(a). Although a federal district court has original jurisdiction over any civil action between citizens of different states wherein the amount in controversy exceeds $50,000 exclusive of interest and costs, such an action is not removable if any properly joined defendant is a citizen of the state in which the action is brought. 28 U.S.C. § 1441(b). If, however, the Court concludes from the face of the state court petition that the plaintiff has no cause of action against the resident defendant, removal is permitted. Anderson v. Home Ins. Co., 724 F.2d 82 (8th Cir.1983).
Defendants contend that Merriweather has no claim against Koenig, a Missouri citizen. Plaintiff's sole claim against Koenig asserts that Koenig intentionally inflicted emotional distress on plaintiff by allegedly conspiring with others to deny him reimbursement for his educational expenses. Under Missouri law, "`(i)t is for the court to determine, in the first instance, whether the defendants [sic] conduct may reasonably be regarded as so extreme and outrageous as to permit recovery'" for the tort of intentional infliction of emotional distress. Wilt v. Kansas City Area Transp. Auth., 629 S.W.2d 669, 671 (Mo.Ct.App.1982) (quoted case omitted). Liability extends only to conduct "`so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.'" Viehweg v. Vic Tanny Int'l, 732 S.W.2d 212, 213 (Mo.Ct. App.1987) (quoted case omitted). Koenig's conduct as alleged in the petition's second count does not even approach the level necessary to state a claim. Count II not only fails to state a claim against Koenig but it fails to state a claim at all. The entire count shall be dismissed.[2] Consequently, this Court has removal jurisdiction.
Having dismissed the second count, Merriweather's only remaining claim is for breach of contract. Merriweather argues in opposition to defendants' motion to dismiss or for summary judgment that Ethyl's contractual obligation to reimburse him for his law school tuition arises either from statements in employee manuals or from his initial Application for Educational Reimbursement. *662 Although Merriweather did not provide a copy of the manuals to which he refers, the motion includes a copy of the Salaried Employee Handbook (SEH) as it existed when Merriweather commenced employment with Ethyl and the relevant portions of the Employee Relations Policy Manual (ERPM).
Ethyl has a policy to pay for courses taken by employees which "have direct application to the employee's area of responsibility, or ... relate[] to work for which the employee is expected to qualify in the foreseeable future." ERPM § 5.04(B)(3). The decision to provide financial assistance remains at all time "solely at the discretion of the Company." SEH p. 15. The manual, therefore, encourages employees to seek approval prior to enrolling in a course so the employee will have advance knowledge whether or not he will receive an educational refund. ERPM § 5.04(B)(4). The manual states both that an employee must "obtain proper advance approval of ... the location employee relations supervisor," who in this instance is Bill Koenig,[3] and that "questionable cases should be referred to the Human Resources Section." ERPM § 5.04(A). Both manuals caution that "it is not [Ethyl's] intent ... to subsidize the general education of any employee." SEH p. 15; ERPM § 5.04(C).
Aside from Ethyl's general policy, Merriweather also relies on his initial Application for Educational Reimbursement (the application) to create a contract to reimburse him for his entire legal education. The parties do not dispute the facts surrounding the execution of this document. On June 30, 1987, Merriweather completed the application, identifying the "Course of Study" as "law." He obtained the signatures of his supervisor and the vice-president of manufacturing for Ethyl Petroleum Additives, a division of Ethyl. In the fall of 1987, Merriweather began a part-time evening course of study in law, taking classes in contract law, civil procedure and torts. On February 2, 1988, he submitted a tuition reimbursement request for $2358.22 for courses taken in the fall of 1987. This request contained the first notice to Ethyl of the exact courses Merriweather attended the previous semester. It was at this time that Koenig reviewed Merriweather's application. On the line for designating "Course of Study," a handwritten stipulation, "limited to labor law and contract law courses," was added. Koenig signed in the area identified for "Personnel Approval." A week after Merriweather submitted his initial request for reimbursement for the fall 1987 semester, he submitted a revised request for reimbursement in which he sought only $1000. This request was granted. Merriweather also submitted requests for reimbursement and received refunds for some courses he took in the fall of 1989, spring and fall of 1990 and spring of 1991. The reimbursements covered not only contract and labor law courses but other types of courses as well.
Defendants' motion seeks dismissal or summary judgment. The motion relies on matters not contained in the complaint and the Court therefore must treat the motion as one for summary judgment. See Gibb v. Scott, 958 F.2d 814, 816 (8th Cir.1992). Under Federal Rule of Civil Procedure 56(c), a movant is entitled to summary judgment if he can "show that there is no genuine issue as to any material fact and that [he] is entitled to a judgment as a matter of law." The burden of proof is on the moving party and a court should not grant summary judgment unless it is convinced that there is no evidence to sustain a recovery under any circumstances. Foster v. Johns-Manville Sales Corp., 787 F.2d 390, 392 (8th Cir.1986). Under Rule 56(e), a party opposing a properly supported motion for summary judgment may not rest upon the allegations of his pleadings but must present affirmative evidence from which a jury might return a verdict in his favor. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257, 106 S.Ct. 2505, 2514, 91 L.Ed.2d 202 (1986).
*663 The elements of any contract are offer, acceptance and bargained for consideration. Johnson v. McDonnell Douglas Corp., 745 S.W.2d 661, 662 (Mo.1988) (en banc). Merriweather places the source of the alleged contract in the employee manuals or the reimbursement application. The contents of neither manual, however, constitutes an offer. See Johnson, 745 S.W.2d at 662 (employee handbook does not constitute contractual offer but rather informational statement regarding self-imposed policies). The manuals, provided by defendants and uncontested by Merriweather, place the decision to reimburse an employee entirely in Ethyl's discretion.
Likewise, the Application for Educational Reimbursement does not constitute a contract to refund Merriweather's full law school tuition. Until Koenig, the employee relations supervisor, signed the application, at which time he limited the courses Ethyl would refund, Ethyl had no obligation to Merriweather. See ERPM 5.04.
Merriweather contends that because Koenig's approval was not forthcoming until after he took his first courses in the fall of 1987, Ethyl had waived its option to send "questionable cases [] to the Human Resources Section." See ERPM 5.04(B). This argument, however, fails to consider the statements in the ERPM which indicate that Ethyl has no intention to subsidize an employee's general education but rather to pay only for those courses which relate to the employee's work. See ERPM 5.04(B)(3). Ethyl's refund policy, therefore, does not authorize Ethyl representatives to approve reimbursement for an entire course of study but only for specific courses. The names of the specific courses for which Merriweather sought reimbursement were not made available to any Ethyl representative until February 2, 1988, at which time Koenig promptly identified those classes that Ethyl would reimburse.
As a final matter, Merriweather maintains that Ethyl's subsequent reimbursement for classes other than labor law and contract courses waives that limitation and the Court should estop it from asserting such a defense. Missouri courts estop a party from asserting his rights if he knew of those rights but took no steps to enforce them until the other party had, in good faith, become disadvantaged by changed conditions. Stenger v. Great S. Sav. & Loan Ass'n, 677 S.W.2d 376, 383 (Mo.Ct.App.1984). Merriweather was apprised of Ethyl's limited intention to reimburse him after he submitted his first semester grades for reimbursement. Thus, Ethyl enforced its rights in a timely fashion, at its first opportunity and prior to Merriweather suffering any disadvantage. This is not an appropriate instance for estoppel.

ORDER
Pursuant to the memorandum filed on this date herein,
IT IS HEREBY ORDERED that defendants' motion to dismiss or in the alternative for summary judgment is granted to the extent that Count II shall be and it is dismissed and the Court shall grant summary judgment as to Count I.
IT IS FURTHER ORDERED that plaintiff's motion for summary judgment is denied.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that plaintiff shall take nothing from defendants.
IT IS FURTHER ORDERED that William A. Shirley's motion to withdraw as counsel for plaintiff is granted.
NOTES
[1] Defendants raise several issues regarding whether Merriweather is represented by counsel or, for that matter, is himself a licensed attorney. Resolution of these issues is not essential to this Court's decision.
[2] As noted above, defendants Braun and Smith were never served. In Merriweather's response to Koenig and Ethyl's motion to dismiss or for summary judgment, he requests permission to serve Braun and Smith. In that same response, Merriweather refers to two other individuals who he contends are vicariously liable under Count II although they are only named as individuals to receive service on behalf of Ethyl. Inasmuch as the Court is dismissing Count II and Merriweather's only claim against the individual defendants was contained in that count, the Court need not address these other issues.
[3] Although the Court does not have explicit evidence that this was the approval policy in effect in the period in question, June of 1987, plaintiff has not challenged the documents on this ground.