WEST CENTRAL MISSOURI REGION-
AL LODGE NO. 50, Fraternal Order
of Police, et al., Appellants,

v.

BOARD OF POLICE COMMISSIONERS
OF KANSAS CITY, MISSOURI, et
al., Respondents.

No. WD 52829.

Missouri Court of Appeals,
Western District.

March 4, 1997.

Richard Helfand, Kansas City, for Appel-
lants.

Dale H. Close, Kansas City, for Respon-
dents.

Before BRECKENRIDGE, P.J., and LAURA DENVIR STITH and HOWARD, JJ.

HOWARD, Judge.

Plaintiffs appeal after the dismissal of their petition, without prejudice, for failure to state a cause of action. We affirm.

## Background

Plaintiffs-appellants, West Central Missouri Regional Lodge No. 50, Fraternal Order of Police, along with individual Plaintiffs Steve McBride, Scott Caron, David Ross and Brenda Sanford (referred to collectively as "Plaintiffs"), are the representative parties of a class of several hundred current and former employees of the defendants-respondents, the Board of Police Commissioners of Kansas City, Missouri. Other defendants-respondents are individual members of the Board of Police Commissioners: Bailus M. Tate, Emanuel Cleaver, John Dillingham, Jack Headley, Dona Boley and Steven Bishop. The Board of Police Commissioners, together with the individually named defendants-respondents will be referred to collectively as the "Board."

Plaintiffs, in a two-count petition, attempted to allege causes of action against the Board for breach of contract and promissory estoppel. Count I alleges claims for both breach of contract and promissory estoppel. Both of these claims stem from a Personnel Policy and Benefit Manual that was provided to each Plaintiff when hired by the Board. This manual contains all of the Board's policies which apply to employees of the Kansas City, Missouri, Police Department. Primarily at issue is Personnel Policy 403, which is attached to and incorporated into the Petition for Relief. Policy 403 covers subjects involving personnel actions and salary adjustments.

Plaintiffs first allege that the policy manual constitutes an enforceable contract between the Board and Plaintiffs, and that the Board has not performed in accordance with Policy 403. Plaintiffs contend that Policy 403 calls for them to receive "annual one step or 5% salary increases" until they reach the top step of their pay range.

The promissory estoppel claim in Count I is basically the same as the contract claim except that Plaintiffs allege that the salary adjustment provision of Policy 403 was a promise by the Board, and that Plaintiffs relied on this promise to their detriment in accepting and maintaining their employment with the police department.

In Count II, Plaintiffs attempt to allege a second promissory estoppel claim. They contend that at the time they were hired, they were promised that there were no education requirements to advance to the rank of Sergeant, and that advancement beyond Sergeant required only an Associates Degree. Plaintiffs claim that they relied on this promise by accepting and maintaining their positions. Subsequently, the Board unilaterally changed the policy by implementing more stringent education requirements for advancement, and Plaintiffs contend that as a result they have suffered because they now are unable to attain the ranks of Sergeant and beyond.

## Standard of Review

In reviewing a trial court's granting of a motion to dismiss, we must allow the pleadings their broadest intendment, treat all alleged facts as true, and construe the allegations favorable to the plaintiff. *I.R. Kirk Farms, Inc. v. Pointer*, 876 S.W.2d 283, 285 (Mo.App. W.D.1994). The only issue on appeal is whether the appellant has stated a claim for relief and is entitled to a trial on the merits. *Venable v. Hickerson, Phelps, Kirtley & Assoc., Inc.*, 903 S.W.2d 659, 662 (Mo.App. W.D.1995). "A petition will withstand a motion to dismiss for failure to state a claim if it sets forth substantive principles of law which entitle the plaintiff to relief and alleges facts which inform the defendant of what the plaintiff will attempt to prove at trial." *Id.*, quoting *Ritterbusch v. Holt*, 789 S.W.2d 491, 493 (Mo.banc 1990).

## Point I

Plaintiffs first argue that the trial court erred in granting the Board's motion to dismiss because the Personnel Policy and Benefit Manual constitutes a valid contract

between the parties. They contend that the alleged contract includes an agreement to provide the individual appellants with yearly 5% step increases in their salaries until they reached the highest pay level, or step, for their rank.

In order to make a claim for breach of contract, a plaintiff must plead the following: (1) the existence of a contract or agreement and the terms of that agreement; (2) that the plaintiff performed or tendered performance; (3) that the defendant did not perform; and (4) that the defendant's failure to perform caused damage to the plaintiff. *Venable*, 903 S.W.2d at 664. The issues raised in this appeal concern the first of the above-mentioned elements—whether a contract existed.

As both parties correctly note in their briefs, the elements of a contract are offer, acceptance, and bargained-for consideration. *Thacker v. Massman Construction Co.*, 247 S.W.2d 623 (Mo.1952) and *National Refining Co. v. McDowell*, 201 S.W.2d 342 (Mo.1947). Plaintiffs allege in their petition that the policy manual given to each member of the police department contains all of the elements necessary to establish a valid contract. The relevant paragraphs in Count I state:

10. All members of the Kansas City, Missouri Police Department are provided with a copy of the Personnel Policy–Benefit Manual, which contains all the policies of the Kansas City, Missouri Police Department which apply to the Department's employees.

11. Contained within the Personnel Policy–Benefit Manual is Policy Series 400: Compensation. Specifically, Policy 403– Personnel Actions and Salary Adjustments, deals with salary increases for all department employees.... Said policy remained in effect until May 1, 1994.

12. Personnel Policy 403 calls for anniversary date adjustments which were across the board salary increases that amounted to a cost-of-living raise. Said policy also called for individual salary adjustments. These adjustments were annual one step or 5% salary increases given until a member reached the top step of the pay range. Those members who reached the top step of the pay range received only across-the-board increases.

13. This Personnel Policy–Benefit Manual is the contract between the Board of Police Commissioners of the City of Kansas City, Missouri, d/b/a the Kansas City, Missouri Police Department and its individual officers. This contract governs the officers' duties and behavior throughout the duration of their employment with the Board of Police Commissioners of the City of Kansas City, Missouri d/b/a the Kansas City, Missouri Police Department.

14. The Personnel Policy–Benefit Manual contains the elements necessary to create a valid and binding contract between the parties. The Police Department and its officers are competent to contract. The subject matter of the manual concerns the method by which the individual officers are to perform their duties and the Department's ability to regulate the officers' performance. The legal consideration is contained in Policy 403–Compensation. There is mutuality of agreement and obligation in that both parties agree to be bound by these policies and to be obligated to follow them.

The issue of whether the distribution of an employee handbook or policy manual creates a contract between an employee and an employer has been raised several times in Missouri. Typically, such cases involve terminated employees who have attempted to circumvent the employment-at-will doctrine by claiming that employee handbooks given to them by their employers constituted employment contracts. Since the Missouri Supreme Court decision in *Johnson v. McDonnell Douglas Corp.*, 745 S.W.2d 661 (Mo. banc 1988), Missouri courts consistently have held that the issuance of an employee handbook does not create an employment contract. In *Johnson*, the Supreme Court held:

McDonnell's unilateral act of publishing its handbook was not a contractual offer to its employees. The handbook was merely an informational statement of McDonnell's self-imposed policies, providing a nonexclusive list of acts for which an employee might be subject to discipline. Several of

the rules and regulations in the handbook were couched in general terms and were open to broad discretion and interpretation. The handbook also provided that the rules were subject to change at any time. Given the general language of the handbook and the employer's reservation of power to alter the handbook, a reasonable at will employee could not interpret its distribution as an offer to modify his at will status.

*Id.* at 662. The cases following *Johnson* include *Remington v. Wal–Mart Stores, Inc.,* 817 S.W.2d 571 (Mo.App.1991); *Hargis v. Affiliated Medical Transport, Inc.,* 764 S.W.2d 741 (Mo.App.1989); and *Enyeart v. Shelter Mutual Insurance Co.,* 784 S.W.2d 205 (Mo.App.1989).

The Board contends that *Johnson* and its progeny are applicable to the case at bar because they stand for the general proposition that an employee manual, by itself, does not constitute an employment contract. Plaintiffs, on the other hand, point out that each of the cases relied on by the Board are factually distinguishable from this case in that they involve employees who had alleged wrongful termination and were attempting to circumvent the employment-at-will doctrine. They argue that because the case at bar does not involve the employment-at-will doctrine, *Johnson* and its successors are not relevant. We disagree. Whether the context of the case involves wrongful termination or, as in this case, the failure to grant a yearly salary increase, the bottom-line issue is the same— whether the publication of an employee manual created a contractual relationship between an employer and employee.

Although our research has uncovered no state case law in Missouri that has the same factual situation as the case before us, we did discover a federal case that is more on point. In *Merriweather v. Braun,* 792 F.Supp. 659 (E.D.Mo.1992), an employee sued his employer for breach of contract, alleging that the employer had a contractual duty, based on provisions in an employee manual, to reimburse him for law school tuition. The District Court, applying Missouri law and relying on *Johnson v. McDonnell Douglas,* held that the employee manual did not constitute a contractual offer. *Merriweather,* 792 F.Supp. at 663. The District Court emphasized the fact that the manual in question placed the decision to reimburse an employee entirely in the employer's discretion.

Even though *Merriweather* is not *exactly* on point with the facts of the case before us, its importance is in the fact that it shows that the rule established in *Johnson v. McDonnell Douglas* can extend beyond the boundaries of a wrongful discharge case. Therefore, we agree with the Board's argument that *Johnson* is controlling here.

Applying the law as it is set out in *Johnson,* we find that the Personnel Policy and Benefit Manual does not constitute a contract between the Plaintiffs and the Board. The reason is that the Board's unilateral act of publishing the manual was not a contractual offer. The Plaintiffs in turn had no power of acceptance.

We note that in both *Johnson* and *Merriweather,* the Courts emphasized the fact that the employee manuals in those cases contained some sort of clause that preserved the employer's power to either modify the manual or exercise discretion in applying certain provisions. *See Johnson,* 745 S.W.2d at 661 and *Merriweather,* 792 F.Supp. at 663. We too are influenced by a similar clause in the Board's Personnel Policy and Benefit Manual. Section 403(II)(D) of the manual, under the heading "Policy," clearly states that salary adjustments must be approved before they will be implemented. Section 403(II)(D) states: "All personnel actions and salary adjustments will be implemented by the Personnel Division and will normally be effective the first day of the pay period *following final approval* by the Administration and Services Bureau Commander, the Chief of Police, or Board of Police Commissioners." (emphasis added).

Our decision is also influenced by the fact that there is nothing in Policy 403 of the employee manual that could be characterized as a certain obligation on the part of the Board. "For a contract to be valid and enforceable the nature and extent of its obligations must be certain." *Around the World Importing, Inc. v. Mercantile Trust Co., N.A.,* 795 S.W.2d 85 (Mo.App.1990). The only section that even comes close to reciting

an obligation regarding salary increases is Section 403(IV)(B)(1), which is under the heading "Individual Salary Adjustments." It simply says: "A member will be *eligible* to receive an annual one-step salary increase on the member's anniversary date." (emphasis added). At best, this statement is ambiguous because it does not define "eligible" and it does not specify what constitutes a "one-step salary increase." When read in conjunction with Section 403(II)(D), discussed above, it is clear that Section 403(IV)(B)(1) means nothing more than that members *might* receive one-step salary increases on their anniversary dates. The trial court properly dismissed Plaintiffs' claim for breach of contract.

## Point II

■ In their second point, Plaintiffs claim that the court's decision to grant the Board's motion to dismiss was in error because Missouri case law provides for recovery under the theory of promissory estoppel. The essential elements of a promissory estoppel claim are (1) a promise; (2) detrimental reliance on the promise; (3) the promisor should have or did in fact clearly foresee the precise action which the promisee took in reliance; and (4) injustice can only be avoided by enforcement of the promise. *Townes v. Jerome L. Howe, Inc.*, 852 S.W.2d 359, 361 (Mo.App.1993).

■ In this Point Plaintiffs allege two separate promises were made which entitle them to relief under the theory of promissory estoppel. First they contend that Section 403(IV)(B)(1) of the Personnel Policy and Benefit Manual constitutes a promise that step increases would be given to the individual Plaintiffs on their anniversary dates. We disagree. In Missouri, for purposes of promissory estoppel, a promise must be definite. *Amecks, Inc. v. Southwestern Bell Telephone Co.*, 937 S.W.2d 240, 242 (Mo.App. W.D. 1996). *See also Danella Southwest v. Southwestern Bell Telephone Co.*, 775 F.Supp. 1227 (E.D.Mo.1991), *aff'd* 978 F.2d 1263 (8th Cir. 1992) ("The promise must be sufficiently definite and delineated to support a claim of detrimental reliance").

Section 403(IV)(B)(1), is found under the heading "Individual Salary Adjustments." It states, "A member will be eligible to receive an annual one-step salary increase on the member's anniversary date." As we discussed in Point I, this sentence is ambiguous in that it does not define "eligible" and it does not specify what constitutes a "one-step salary increase." One could hardly characterize this statement as a definite promise, particularly when read in light of Section 403(II)(D) which states, "All personnel actions and *salary adjustments* will be implemented by the Personnel Division and will normally be effective the first day of the pay period *following final approval* by the Administration and Services Bureau Commander, the Chief of Police, or the Board of Police Commissioners." (emphasis added). Thus, it is clear that Section 403(IV)(B)(1) promises no salary adjustment of any kind until either the Administration and Services Bureau Commander, the Chief of Police, or the Board of Police Commissioners grants approval. Since we find that no promise existed, Plaintiffs have failed to state a cause of action for promissory estoppel.

■ Plaintiffs also claim error in the dismissal of Count II of their Petition. In this Count Plaintiffs allege that they relied on promises by the Board that officers could be promoted to higher ranks (Sergeant, Captain, etc.) with certain minimum college education requirements, and that subsequently, to the detriment of Plaintiffs, the Board unilaterally adopted stricter education requirements. The relevant paragraphs of Count II state:

31. At the time of their employment by Defendant, the above-named Plaintiffs were promised that there were no educational requirements for promotion to Sergeant and its accompanying salary. In addition, the above-named individual Plaintiffs were promised that an Associate's Degree was all that was necessary to be promoted to the ranks above Sergeant and their accompanying salaries.

32. The above-named individual Plaintiffs relied on these promises, to wit that no college credits were required to be promoted to the rank of Sergeant and that an Associates Degree was all that was necessary to be promoted to those ranks above Sergeant when accepting employment with Defendant.

33. The Defendant, the Board of Police Commissioners, d/b/a Kansas City, Mis-

souri Police Department, should have foreseen, or did in fact, clearly foresee that the Plaintiffs would accept employment with Defendant in reliance on said promises. These officers accepted or maintained their employment with the Board of Police Commissioners, d/b/a Kansas City, Missouri Police Department based on the promise that they could move up the ranks without the necessity of a college degree, which they did not have.

We find that the trial court did not err in dismissing Count II because Plaintiffs do not plead a "promise" sufficient to state a claim for promissory estoppel. The petition, as we construe it, simply avers that at the time of their employment the Plaintiffs were promised that there was a present policy in effect that allowed for advancement with minimum educational requirements. Plaintiffs do not aver in their petition that they were promised that the policy regarding education requirements would not be modified in the future. *See, e.g., Albers v. Cardinal Glennon Children's Hosp.,* 729 S.W.2d 519, 523 (Mo. App.1987). Therefore, Point II is denied.

The judgment of the trial court is affirmed.

All concur.